Robert Wayne O'FERRELL,
et al., Plaintiffs,

v.

UNITED STATES of America,
et al., Defendants.

Civil Action No. 92–A–1450–S.

United States District Court,
M.D. Alabama,
Southern Division.

June 26, 1997.

G. William Gill, Montgomery, AL, for Plaintiffs.

David L. Allred, Asst. U.S. Atty., Montgomery, AL, for Defendants.

## *ORDER*

ALBRITTON, District Judge.

This cause is before the court on the Motion for Leave to Amend Complaint filed by plaintiffs Robert Wayne O'Ferrell and Mary Ann O'Ferrell ("the Plaintiffs") on September 26, 1996.

In their Motion for Leave to Amend the Complaint, the Plaintiffs seek to do the following: add a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., for violation of the Fourth Amendment Right to be free from unreasonable searches and seizures; add Stephen E. Brannan ("Brannan") as a defendant to all *Bivens* claims asserted in their Complaint and First Amended Complaint; and amend their ad damnum clause.

Fed.R.Civ.P. 15(a) provides that after a responsive pleading is served "a party may amend [its complaint] ... only by leave of court or by written consent of the adverse party; and leave shall be freely given when

justice so requires."[1] A court is justified in denying a motion to amend a complaint where any of the following circumstances exist: "undue delay, bad faith or dilatory motive ..., repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). *Accord Grayson v. K Mart Corp.,* 79 F.3d 1086, 1110 (11th Cir.1996). An amendment to a complaint will be "futile" if it cannot withstand a motion to dismiss. *See Moore v. Indiana,* 999 F.2d 1125, 1128 (7th Cir.1993); *Jablonski v. Pan Am. World Airways Inc.,* 863 F.2d 289, 292 (3d Cir.1988).

■ With respect to adding an FTCA claim based on a constitutional violation, the Supreme Court has held that "[28 U.S.C.] § 1346(b) does not provide a cause of action for [a constitutional tort] claim." *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 477, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994). The Court reasoned that

> [T]o be actionable under § 1346(b), a claim must allege, inter alia, that the United States "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred." A constitutional tort claim ... could not contain such an allegation. Indeed, we have consistently held that § 1346(b)'s reference to the "law of the place" means law of the State—the source of substantive liability under the FTCA.... [T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.

*Id.* at 477–78, 114 S.Ct. at 1001 (citations omitted). Consistent with this principle, a plaintiff could base an FTCA claim on conduct that violates state tort law, and which also happens to violate constitutional law, but such a claim would be considered brought under state tort law and not under constitutional law. *See, e.g., Carlson v. Green,* 446 U.S. 14, 19–20, 23, 100 S.Ct. 1468, 1471–72, 64 L.Ed.2d 15 (1980). *See also Rhoden v. United States,* 55 F.3d 428, 432 n. 5 (9th Cir.1995); *Birnbaum v. United States,* 436 F.Supp. 967, 983–86 (S.D.N.Y.1977), *aff'd,* 588

F.2d 319, 329 (2d Cir.1978). Accordingly, the Plaintiffs' Motion for Leave to Amend the Complaint to add an FTCA claim based on a constitutional violation is DENIED for futility of amendment.

■ The Plaintiffs also seek to add Brannan as a defendant to all claims in their *Bivens* actions, specifically claims of unreasonable search and seizure, unconstitutional interrogation, unconstitutional invasion of privacy, and deprivation of liberty and property without due process of law. The United States objects on the grounds of undue delay and of futility, contending that the statute of limitations has run on any such claims. The Plaintiffs' allegations against Brannan with respect to these claims are very unclear. Moreover, the court has very few facts before it concerning dates as to when Brannan's alleged unconstitutional conduct occurred and when the Plaintiffs knew or should have known that he was responsible for this alleged conduct. Consequently, the court is unable to determine at this time whether the Plaintiffs' engaged in undue delay and whether the Plaintiffs' claims against Brannan would be time-barred. These are matters best raised by Brannan, rather than the United States. Pursuant to federal policy of free allowance of amendments, the Plaintiffs' Motion for Leave to Amend the Complaint to add Brannan as a defendant to all *Bivens* claims is GRANTED.

In addition, the Plaintiffs' request to amend their ad damnum clause against the Defendant United States is GRANTED as to compensatory damages but DENIED as to punitive damages. Punitive damages are specifically prohibited under the FTCA (28 U.S.C. § 2674), and this is Plaintiffs' only claim against the United States.

Since the proposed Second Amended Complaint includes claims disallowed by the court, and also makes reference to paragraphs contained in another document, an objection filed by the Plaintiffs, it is not acceptable to be filed. The Plaintiffs are DIRECTED to file a Second Amended Complaint which is complete in itself, without referring to and incorporating any other doc-

---

1. The Plaintiffs have already amended their Complaint once as a matter of course.

uments, including earlier complaints, and which clearly sets out the claims against the United States as to which the court has denied summary judgment, and the separate claims against Brannan.[2] As to each separate claim against Brannan, Plaintiffs are DIRECTED to allege the specific acts of Brannan on which the claim is based and when each act took place.

Plaintiffs are given **until July 11, 1997,** to file the amended complaint and **until July 25, 1997,** to perfect service of the amended complaint on Brannan

---

**2.** Plaintiffs will be deemed not to have waived an objection to the court's order granting summary

judgment as to certain claims.