45 So.2d 295
## BAILEY v. McQUEEN.
4 Div. 545.

Supreme Court of Alabama.

March 23, 1950.

Lightfoot & Bricken, of Luverne, for appellee.

J. O. Sentell, Jr., of Luverne, for appellant.

STAKELY, Justice.

The bill of complaint in this cause was filed for the purpose of having a sale for division among the alleged joint owners or tenants in common of a certain lot of land situated in Crenshaw County, Alabama. P. H. McQueen (one of the appellees) instituted the suit as complainant against Cecil D. Bailey (appellant) and also against Mrs. Bill Howard, V. B. McQueen, Joe McQueen, M. A. McQueen and Sam McQueen as respondents. According to the allegations of the bill Cecil D. Bailey (appellant) owns an undivided one-half interest in the the property and P. H. McQueen and the other named respondents (appellees) each own an undivided one-twelfth interest.

Cecil D. Bailey answered the bill alleging that he was the sole owner of the property sought to be sold. A decree pro confesso was entered against the other respondents. The court entered a final decree granting the relief prayed for in the bill and ordered

a sale of the property. The appeal comes to this court from that decree.

The proof introduced by the complainant showed that on January 7, 1924, G. W. Stephens conveyed the property by deed to H. M. Bailey and Callie Bailey, who were husband and wife. The proof of complainant further showed that H. M. Bailey and Callie Bailey both died intestate. They had one child, who died in infancy. The proof of complainant further showed that Callie Bailey who died in 1936 was survived by her husband and by five brothers and one sister, the brothers and sister being P. H. McQueen, V. B. McQueen, Joe McQueen, M. C. McQueen, Sam McQueen and Mrs. Bell Howard, named above. The proof of complainant further showed that Cecil D. Bailey acquired the interest of H. M. Bailey by deed from H. M. Bailey to Cecil D. Bailey.

According to the foregoing proof, if accepted, the allegations of the bill would be sustained as to ownership of the undivided interests in the property as respectively shown in the bill and hereinabove set forth. But Cecil D. Bailey introduced a deed purporting to have been executed by Callie Bailey to her husband, H. M. Bailey under date of February 24, 1930 and also relied on the deed purporting to have been executed by H. M. Bailey to Cecil D. Bailey under date of August 15, 1946 hereinabove referred to. Both deeds purport to convey the land involved in this suit.

■ The authenticity of the deed claimed to have been executed by Callie Bailey to her husband H. M. Bailey is seriously challenged in this suit and in order to reach its conclusion the court must of necessity have considered it invalid, although no mention is made of this deed in its decree. In fact decision in this case turns on the validity of the deed purporting to have been executed by Callie Bailey. The evidence in the case was taken before a commissioner. So we must consider the case without any presumption in favor of the correctness of the decree of the lower court. Federal Land Bank of New Orleans, La., v. Sutton, 248 Ala. 529, 28 So.2d 553. It is not practicable to set out the evidence with refer-ence to the deed in detail but we shall state enough of the evidence relating to the deed to give the reader a general outline of the case.

H. M. Bailey died January 27, 1947. About one week after his death his sister Mrs. Elizabeth Baggett found an unrecorded deed purporting to have been executed on February 24, 1930 by Callie Bailey to H. M. Bailey. She found the deed in the room of H. M. Bailey in a trunk belonging to H. M. Bailey which she unlocked. Callie Bailey had never mentioned the deed to her and she had never seen the deed before, but H. M. Bailey had told her that there "was a paper there." C. C. Bailey, a brother of H. M. Bailey and father of Cecil D. Bailey (appellant), together with another brother, M. C. Bailey, were also present when the deed was found in the trunk. C. C. Bailey had the deed recorded in July 1947. Neither Cecil D. Bailey or M. C. Bailey had ever seen or known of the deed before it was discovered by Mrs. Baggett in the trunk.

The deed purporting to have been made by Callie Bailey to H. M. Bailey purports to have been acknowledged before B. G. Hilliard, Justice of the Peace, on February 24, 1930. B. G. Hilliard was a witness for the respondent Cecil D. Bailey. He testified in part that on the day on which the deed is dated, he was requested by Tobe (H. M.) Bailey and Callie Bailey to come down to their home; that he took his fountain pen and filled in in his own handwriting a blank deed which Tobe gave him; that he got the description of the land from the assessor's sheet; that Callie Bailey signed the deed and acknowledged it in his presence; that he thought she signed the deed on the arm of the rocking chair in which she was sitting; that he was paid $5 for his services.

The complainant offered in evidence a letter dated April 28, 1920 purporting to have been signed and written by Callie Bailey and also a photograph of Callie Bailey, her husband Tobe Bailey and their dog Joe. On the back of the photograph appear in handwriting the words "Callie and Tobe and Joe." The undisputed evidence shows that the letter and its signature as well as the handwriting on the back of

the photograph are the genuine handwriting of Callie Bailey.

A number of witnesses familiar with the handwriting of Callie Bailey testified that the signature on the deed was not in her handwriting. G. H. Tatum who has been connected with the First National Bank of Greenville for 52 years and C. R. Partridge, Jr., Cashier of the Luverne Bank & Trust Company, and who has been with this bank for 15 years, both testified that in their judgment the signature on the deed was not the same as the signature on the letter and photograph. Both had had long experience in connection with the banking business in considering and passing on signatures. All these witnesses took into consideration the difference in time between the date of the letter and the deed and tendencies of the evidence that Callie Bailey in the latter years of her life had suffered with arthritis.

B. G. Hilliard, a Justice of the Peace, testified that Callie Bailey signed the instrument and acknowledged it in his presence. Such an acknowledgment is entitled to great weight and will not be impeached for forgery or falsity unless the evidence to that end "is clear and convincing, 'reaching a high degree of certainty, leaving upon the mind no fair, just doubt.'" Freeman v. Blount et al., 172 Ala. 655, 55 So. 293; Federal Land Bank of New Orleans, La., v. Sutton et al., 248 Ala. 529, 28 So.2d 553; Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136. At this point it is well to point out that we are not concerned with the principle enunciated in Loyd v. Oates, 143 Ala. 231, 38 So. 1022, 111 Am. St. Rep. 39, that if the grantor appears before the officer and acknowledges the signature to a conveyance as his own, the conveyance is valid even though he did not actually sign the instrument. In the case at bar the officer unequivocally testified that Callie Bailey signed the deed in his presence.

We have read and reread and considered in conference with great care all the evidence in the case, together with the original deed, the original letter and the original photograph which have been certified as exhibits and are before us. It is not the policy of this court since the passage of the Act of 1915, p. 594, §§ 66, Title 13, Code of 1940, to enter into a detailed discussion of the evidence where it would serve no good purpose. Caples et al. v. Young, 206 Ala. 282, 89 So. 460; McCrary v. Matthews, 235 Ala. 409, 179 So. 367. Suffice it to say that we feel satisfied that the signature on the deed purporting to be the signature of Callie Bailey is not her genuine signature and for this reason the deed must be declared invalid. This is in accordance with the decree of the lower court which we think should be upheld.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.