54 So.2d 281

### WALKER v. WALKER.
### 6 Div. 249.

Supreme Court of Alabama.
Oct. 4, 1951.

196

L. P. Waid, guardian ad litem, Oneonta, for appellee.

J. T. Johnson, Oneonta, for appellant.

STAKELY, Justice.

F. M. Walker (appellant) filed a bill in equity against his son Daniel L. Walker (appellee) to cancel a deed executed by him to his son. The basis of the bill is that the consideration for the deed or a material part thereof was the agreement on the part of the grantee Daniel L. Walker to support the grantor, F. M. Walker, during his lifetime. The court entered a final decree denying relief to the complainant. The appeal is from that decree.

A copy of the deed is attached to the bill as an exhibit and made a part thereof. It is dated March 11, 1944. It recites a

consideration of $450. No mention in the deed is made of support of the grantor. F. M. Walker was a widower at the time the deed was executed. The grantee, the son of the grantor, is now an inmate of Bryce Hospital for the insane. On the affidavit of F. M. Walker that his son "is a person of unsound mind" the court appointed a guardian ad litem to represent the defendant on the trial of the cause.

■ The case was submitted for decree on testimony taken before the register acting as commissioner. So the case comes to this court without presumption in favor of the finding of the lower court. Bailey v. McQueen, 253 Ala. 464, 45 So.2d 295.

■ When the consideration of a deed to real estate or a material part of the consideration of such deed is the promise on the part of the grantee to support the grantor during life, the deed may be avoided by the grantor at his election if proper proceedings are taken during the life of the grantor to annul the conveyance. § 15, Title 20, Code of 1940; Bush et al. v. Greer, 235 Ala. 56, 177 So. 341. Furthermore parol evidence is admissible to show that the true consideration for the execution of the deed to the real estate is the promise on the part of the grantee to support the grantor during life. Massey v. Massey, 246 Ala. 396, 20 So.2d 790. The complainant in this case is the father of the respondent Daniel L. Walker. He is about 67 years of age but is not helpless. The testimony shows that the grantor is a Justice of the Peace and that he has "had a good bit of experience preparing deeds." The deed was written by Ida Clotus his daughter under his direction.

Daniel L. Walker, the grantee, while not so adjudicated, is a non compos mentis and has been confined in Bryce Hospital at Tuscaloosa for more than a year. He was not available to testify in his own behalf or to defend the suit because of his mental condition.

The evidence has been carefully considered. There is testimony tending to support the allegations of the bill, but there is also testimony tending to show that Daniel L. Walker paid to his father $300 in cash and turned over to him a mule valued at $150 as part of the consideration for the deed. The grantee's wife and the minor children, who live on the place, deny any promise on the part of Daniel L. Walker with reference to support of the complainant. He is welcome, however, to come and live with them. The deed contains a reservation of a life estate by the grantor, but this is not necessarily inconsistent with an agreement of the grantee to support the grantor.

■ The deed is an absolute conveyance on its face. The appellant seeks to vary by parol evidence the clauses of this solemn instrument by showing that the effect was to vest the title in Daniel L. Walker, subject to divestiture by condition subsequent. Hannah et al. v. Culpepper, 213 Ala. 319, 104 So. 751. It is our conclusion, like the trial court, that there is no such convincing proof of an agreement to support during life as to carry the burden of proof in a case of this kind. Griffin v. Hovey, 179 Mich. 104, 146 N.W. 210. We agree with the court that the complainant is not entitled to cancellation.

We note that the bill was dismissed without prejudice. There is no cross assignment of error. So we find it unnecessary to discuss this feature of the decree. Obviously appellant has no complaint in this regard.

■ In its final decree the court allowed the guardian ad litem a fee of $100 for his services as such. It is argued that the allowance should not stand because there is no evidence to support the allowance. Under § 180, Title 7, Code of 1940 the court is authorized to ascertain a reasonable fee to be allowed to the guardian ad litem. The statute sets up no method by which the ascertainment is to be made. The court has the right to determine the fee by the exercise of its independent judgment upon a consideration of the case as developed by the record without being bound to accept the opinion of witnesses. Willett & Willett v. First National Bank of Anniston, 234 Ala. 577, 176 So. 344; Citizens' Light, Heat &

Power Co. v. Central Trust Co. of Illinois, 200 Ala. 18, 75 So. 330. We are not willing to disturb the decree in this respect.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.