177 So.2d 568

**W. F. BUSH, Jr., et al.**

v.

**Carlene BUSH et al.**

6 Div. 843.

Supreme Court of Alabama.

June 25, 1964.

Rehearing Denied June 30, 1965.

Further Rehearing Denied Aug. 12, 1965.

Wm. M. Acker, Jr., Smyer, White, Reid & Acker, Birmingham, for appellants.

Brown & Brown and Ross, Ross & Ross, Bessemer, for appellees.

COLEMAN, Justice.

In response to appellants' earnest insistence, we have carefully reconsidered this cause and the original opinion is withdrawn. The opinion of the court is as follows.

Complainants appeal from a decree in equity which denied the relief prayed for. In broad outline, the basis for relief is as follows.

A certain parcel of realty was owned by W. D. Bush, sometimes called Papa Bush. He conveyed the realty to his wife, sometimes called Mama Bush, some twenty-five years before he died in 1949. Papa Bush managed the realty until his death. After his death, his son, John, for the benefit of Mama Bush, assisted her in managing the realty. She died in 1958. The realty is called Pineview.

Papa Bush had three children by his first wife. Two of them, John and William, are dead. Their descendants and the surviving child are the complainants. After the death of his first wife, Papa Bush married her sister, Mama Bush, and had three children by Mama Bush. They are the respondents.

Complainants contend that, in 1950, Mama Bush executed a will whereby she devised Pineview to all six children of Papa Bush; that his son, John, had knowledge of the will; that John, acting in reliance on the will, agreed to purchase, from one Donald, nine and one-tenth acres of land adjoining Pineview for the price of $4,550.00; that John paid $500.00 on the purchase price but died before the purchase was completed; that another son of Papa Bush, William Bush, paid the balance of $4,050.00 and completed the purchase; that the Donald land was necessary or valuable for use as an entrance to Pineview; and that the Donald land was not worth more than one-fifth of the price paid except in connection with Pineview. The deed is to William Bush, individually, without any reference to any other person.

Apparently, the 1950 will was not found after the death of Mama Bush in 1958. A paper purporting to be an unsigned copy was admitted into evidence. By deed dated December 6, 1957, Mama Bush conveyed Pineview to her own three children, the respondents. The deed was recorded December 10, 1957. The recited consideration is love and affection.

Complainants contend that because Mama Bush executed the will, and because the sons of the first wife, John and William, in reliance on the will, acted to their detriment by purchasing the Donald land for five times its value, the respondents, who now hold title to Pineview but not as purchasers for value, ought not to be permitted to hold Pineview to the exclusion of complainants, but ought to be required to hold as constructive trustees for benefit of all complainants and respondents according to the respective interest of each of them. Complainants further seek an accounting for rents and for sale of Pineview for division of the proceeds among complainants and respondents according to their respective interests.

Complainants rely on a doctrine which has been expressed as follows:

"§ 90. PROMISE REASONABLY INDUCING DEFINITE AND SUBSTANTIAL ACTION.

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement of the Law of Contracts, § 90, page 110.

Respondents do not appear to dispute the correctness of this doctrine, nor are we disposed to do so.

Under this doctrine of action in reliance, if Mama Bush did make the will

with the reasonable expectation that John and William Bush would act to their detriment in reliance on the will, and they did so act, then the promise; that is, the will; would be binding on Mama Bush and respondents if injustice can be avoided only by enforcement of the promise.

We pretermit, as unnecessary, consideration of the effect of § 3, Title 20, Code 1940, as amended by Act No. 645, 1951 Acts, page 1109.

On the other hand, if Mama Bush did not make the will or, if she made the will but John and William did not act in reliance on the will and acted for other reasons, then the promise would not be binding.

Respondents argue that the evidence to prove execution of the will is in conflict and that there is an issue of fact as to the execution of the will.

Respondents further argue that the evidence does not compel the inference that John and William purchased the Donald land for the benefit of Pineview and in reliance on the will. It is pointed out that on June 23, 1953, notice of condemnation for a road was served on John G. Bush and that he thus had notice that an entrance to Pineview from a new highway was or would be available, and that John Bush had this notice prior to the date of the contract to buy the Donald land. The contract is dated February 10, 1954. An issue of fact is thus presented.

We have read all the testimony with painstaking care. The chancellor had the witnesses before him and an opportunity to observe their demeanor upon the stand. His findings upon the facts under these circumstances will not be disturbed unless we are convinced that they are plainly and palpably wrong. Since the passage of the Act of 1915, page 594; § 66, Title 13, Code 1940; it has not been the policy of this court to enter into a detailed discussion of the evidence where such discussion would serve no useful purpose. After careful deliberation upon the evidence in the light of briefs of counsel, we are of opinion that the decree of the chancellor should not be disturbed. Caples v. Young, 206 Ala. 282, 284, 89 So. 460; Bailey v. McQueen, 253 Ala. 464, 45 So.2d 295.

Complainants have argued three assignments which assert error in sustaining objections to questions to witnesses propounded by complainants. One question is whether John Bush indicated orally to the witness an expectation of receiving one-sixth of Pineview under the will; another question is whether John Bush stated to the witness John's purpose in purchasing the Donald property; the third question is to like effect. The objections were probably correctly sustained because they call for testimony as to a mental operation of John Bush, or the witness, or call for hearsay. If sustaining the objections were error, however, it was without injury because no possible answer to the questions could remove the conflict in the testimony, and affirmance rests on that conflict.

Affirmed.

Original opinion withdrawn.

Application for rehearing overruled.

LAWSON and GOODWYN, JJ., concur.

LIVINGSTON, C. J., concurs in result.

### ON SECOND REHEARING

COLEMAN, Justice.

On first rehearing, Livingston, C. J., was inadvertently shown as concurring in the result when he should have been shown as concurring in the opinion.

Concurrence corrected.

Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.