The plaintiff, Wayne Davis, appeals from a summary judgment in favor of the defendants, the University of Montevallo and its former president, Dr. John Stewart, who was sued individually and in his capacity as president of the University. Davis's complaint alleges that the terms and conditions of his employment with the University of Montevallo were set forth in a University policy manual and that, under those terms and conditions, he was entitled to continued employment so long as there was no just cause for his termination. He alleges breach of contract, violation of his rights under the Constitution of the State of Alabama, and, alternatively, liability under the doctrine of promissory estoppel. The complaint further alleges that the University and Stewart deprived Davis of a property right without due process *Page 756 
of law and that Stewart was liable under 42 U.S.C. § 1983, individually and in his official capacity. Davis appealed only as to his Fourteenth Amendment procedural due process claim and his 42 U.S.C. § 1983 claim against Stewart.
Davis was hired as projects coordinator for the University of Montevallo in October 1984. Each year thereafter, pursuant to an "Official Appointment Form," Davis was extended an "offer of appointment." The form relevant to the time involved in Davis's action noted that the period of Davis's employment was from September 1, 1989, to August 31, 1990, and that his salary for that period was $34,700.40. Further, the form contained the signatures of Davis; Davis's immediate supervisor, Frank Ryerson; and Stewart.
On May 10, 1990, in accordance with Stewart's instructions, Ryerson advised Davis that his contract was not going to be renewed; Davis was given the choice of resigning by June 10, 1990, or having his contract not renewed at the end of August; this choice was given because of Davis's failure to meet deadlines concerning various construction projects around the University. After being so advised, Davis met with Dr. Gertrude McGuire, assistant to the president for faculty and staff relations, who explained to Davis the procedures he could follow to appeal his termination. McGuire advised Davis that he could take his grievance to the grievance committee or could follow the "administrative route," and she explained to Davis the procedures involved with each route. McGuire testified in her deposition that the administrative route entailed appealing to the employee's supervisor and then to the president. The other option would be an appeal to the grievance committee, which would then make its recommendation to the president.
On May 10, Davis requested a hearing before the grievance committee, but he withdrew that request for an opportunity to meet with the president on May 11 and to discuss with him the decision not to renew Davis's contract. Davis signed a "Memorandum of Understanding" on May 11, stating that it had been explained to him by Ryerson and by the president that, by appealing to the president, he had given up the opportunity to appeal through the staff grievance process or through the administrative process. Davis was later advised that the decision to not renew his contract was final.
Davis sued on September 12, 1990; the trial court granted a motion to dismiss filed by the University and Stewart. The Court of Civil Appeals reversed the dismissal and remanded the case, stating that it was unable to determine from the record whether Davis had had a property interest in continued employment. Davis v. University of Montevallo, 586 So.2d 27
(Ala.Civ.App. 1991).
After the depositions of the parties and numerous others had been taken, both the plaintiff and the defendants moved for summary judgment. The court denied Davis's motion, but granted the motion of the University and Stewart. In doing so, the trial court entered the following order:
 "THIS CAUSE came before the Court on both parties' Motions for Summary Judgment. In this cause, plaintiff claims that defendants breached an employment contract and that in doing so defendants violated plaintiff's constitutional rights. Plaintiff also alleges Defendants are liable under the doctrine of promissory estoppel and under 42 U.S.C. § 1983. Defendants first replied by filing a Motion to Dismiss, which was granted by Judge Faulkner. Judge Faulkner's ruling was subsequently appealed and reversed and remanded by the Alabama Court of Civil Appeals, which stated, inter alia, 'The threshold question to be considered as to this issue is whether Davis was under contract at the time of his alleged termination. If he was under contract, it is possible that he may have a property interest in his continued employment . . . .' [Davis v. University of Montevallo, 586 So.2d 27, 28
(Ala.Civ.App. 1991).] Plaintiff claims a handbook received by him constituted a permanent continuous contract and points to the case of Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725 (Ala. 1987), wherein the Alabama Supreme Court held that an employee's handbook may constitute a contract between the employer and the employee if (1) the language contained in the handbook is specific enough to constitute *Page 757 
an offer; (2) the offer is communicated to the employee by issuance of the handbook, or otherwise, and, (3) the employee accepts the offer by retaining employment after he has become generally aware of the offer. Defendants, as well as the Court of Civil Appeals in reversing and remanding this case, stated the above three-prong test may be an issue of law, although it was pointed out by the Court of Civil Appeals that the 'facts underlying that legal conclusion may be in dispute, thus requiring resolution by the factfinder.' [586 So.2d at 29, quoting Lassiter v. Covington, 861 F.2d 680 (11th Cir. 1988).] Defendants say the Hoffman-LaRoche case is not applicable. This court notes that if the handbook is not a contract, then none of the plaintiff's constitutional claims would lie.
 "It is uncontroverted that plaintiff was a staff member, not faculty. [Therefore,] the handbook does not afford plaintiff tenure status (see 12.15 of the handbook).
 "The handbook does state that non-faculty staff would be 'appointed upon a year-to-year basis by the President, but with the assumption [of] continuing service, after an initial six-month probationary period . . . so long as the individual's performance' was 'satisfactory.' According to 12.21 in the handbook, if a staff member's employment becomes terminated because of the employee's unsatisfactory performance, then the staff member could 'appeal . . . to the President, through appropriate channels.' The decision of the President would be final.
 "It is uncontroverted in this case that plaintiff was appointed as a non-faculty staff member for one year at a time. The appointment was made on an 'official appointment form' which had a place for the appointee to sign. Plaintiff did sign such a form, in which plaintiff stated, 'I accept the appointment . . . .'
 "The Hoffman-LaRoche case, which plaintiff cites in his brief, was a unilateral contract setting, arising from the fact that the employee therein had no definite duration of employment and was an at-will employee. Our Supreme Court reiterated in the Hoffman-LaRoche case that an employee-at-will could be terminated for good reason, or no reason (see page 720 [727] of Hoffman-LaRoche) and that our Court continued to adhere to such principle of law, but [it] went on to state: 'We are asked only to determine what effect certain provisions set out in an employee handbook had upon the employer's right to exercise its powers to terminate the employment relationship at will.' [512 So.2d at 728.] In this cause, the plaintiff knew that he was employed only for one year at a time and there is nothing in the evidence before the Court to indicate anything to the contrary. The plaintiff's employment contract was set out in the aforesaid 'official appointment form.' An offer was extended in the said appointment form and the plaintiff accepted.
 "Also, in the Hoffman-LaRoche case, the Alabama Supreme Court cited Degen v. Investors Diversified Services, Inc., 260 Minn. 424, 110 N.W.2d 863
(1961), for the proposition: 'The employee's retention of employment constitutes acceptance of the offer of a unilateral contract; by continuing to stay on the job, although free to leave
[emphasis added], the employee supplies the necessary consideration for the offer.' [512 So.2d at 731.] In this cause, both parties were obligated to perform when they entered into the contract. The plaintiff was not at liberty to leave and neither was the defendant, University of Montevallo, at liberty to make him leave before the end of the year.
 "Therefore, this court concludes that . . . Hoffman-LaRoche is not applicable, nor are the other cases cited therein.
 "In addition, this court concludes that the defendant, University of Montevallo, herein is immune from this lawsuit under the Alabama Constitution. As defendant, John Stewart, is not in privity of contract [with] the plaintiff, there can be no breach of contract action against him. Further, as stated in Stark v. Troy State University, 514 So.2d 46 (Ala. 1987), if an employee is acting as an agent of the immune defendant, then that employee too is immune from suit. There is no substantial evidence to show defendant, John *Page 758 
Stewart, failed to follow the rules and regulations of the defendant, University of Montevallo, to take him outside of any immunity.
 "This Court also finds as a matter of law that there is no genuine issue of fact concerning plaintiff's claim of promissory estoppel. Under the case of Bush v. Bush, 278 Ala. 244, 177 So.2d 568 (1964), the Alabama Supreme Court held that a promise which the promisor should reasonably expect to induce action or forbearance of definite and substantial character and which does so is binding if injustice can be avoided only by enforcement thereof. In the case of Forrer v. Sears, Roebuck Co., 36 Wis.2d 388, 153 N.W.2d 587 (1967), the Wisconsin [Supreme Court] failed to find promissory estoppel where the plaintiff was promised 'permanent employment' by defendant and plaintiff thereafter sold his farm at a loss and then relocated, began working for defendant and [was] thereafter discharged by defendant, defendant claiming the employment contract was at will. However, the same Court in Hoffman v. Red Owl Stores, Inc., 26 Wis.2d 683, 133 N.W.2d 267 (1965), found promissory estoppel where the plaintiffs sold their business in a particular area and moved to another area where plaintiffs acquired property relying on a promise by defendant that plaintiffs would be given a franchise, but were not. The Court went on to reason that injustice would result under those circumstances if the plaintiffs were not granted relief, as they had acted in reliance on the promise by defendant and would be harmed substantially if the promise was not held binding.
 "In this cause, it is uncontroverted [that] plaintiff was offered a one-year contract and so accepted. However, plaintiff claims that the handbook indicated a permanent continuous contract notwithstanding the written appointment form. Courts have been reluctant to permit the enforcement, by the application of the doctrine of promissory estoppel, of promises made contemporaneously with a completed contract, evidence of which promises comes within the prohibition of the parol evidence rule. See 28 Am.Jur.2d [Estoppel and Waiver] § 49 [1966]. The court is of the opinion that in this cause plaintiff had a contract for one year, and he was hopeful that each year thereafter he would be reappointed . . . .
 "The court finds that the [plaintiff does] not have any property interest, as (1) the only contract is for one year and there is no continuous contract arising from the handbook under Hoffman-LaRoche* and (2) the defendants are immune from this lawsuit.
 "The plaintiff further claimed a denial of due process. Assuming arguendo [that] this court had found [that] the handbook constituted a permanent continuous contract, it is undisputed that plaintiff voluntarily by-passed the grievance procedure in the handbook and went to the President of the University, whose decision was final (per handbook). Therefore, there was no denial of due process.
 "In the case of Abney v. Baptist Medical Centers, 597 So.2d 682 (Ala. 1992), the defendant, Baptist Medical Centers, avoided the instant problem by providing in its handbook that said handbook should not be construed as a contract and [the Supreme Court] did not construe the handbook as a contract.
 "In looking at the evidence in this cause, this court has viewed the motion in a light most favorable to the nonmovant [Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981)] and has applied the substantial evidence rule (Ala. Code 1975, § 12-21-12).
 "Accordingly, it is ORDERED . . . that a judgment be . . . entered on behalf of defendants on all [of the] plaintiffs claims, with the costs of court taxed as paid. Plaintiff's Motion for Summary Judgment is hereby DENIED.
 "DONE AND ORDERED this 24th day of February 1993.
After carefully considering the foregoing order, in light of the record, we are satisfied that Davis failed to present any substantial evidence creating a genuine issue of material *Page 759 
fact; therefore, the summary judgment was proper. We adopt the trial court's order as part of our opinion. The judgment is affirmed.
AFFIRMED.
MADDOX, KENNEDY, INGRAM and COOK, JJ., concur.
* "It is also stipulated by the parties that the defendants abided by the contract through August 31, 1990."