**Donovan WYATT, Plaintiff,**

v.

**BELLSOUTH, INC., et al., Defendants.**

**No. Civ.A. 96–C–293–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 26, 1998.

---

G. Griffin Sikes, Jr., Montgomery, AL, David L. Yewell, Kamuf, Yewell, Pace & Condon, Owensboro, KY, for Plaintiff.

Walter R. Byars, Steiner, Crum & Baker, Montgomery, AL, Jeffrey E. Holmes, Lange, Simpson, Robinson & Somerville, Birmingham, AL, for BellSouth, Inc.

Walter R. Byars, Steiner, Crum & Baker, Montgomery, AL, Lisa C. Cross, Jeffrey E. Holmes, Lange, Simpson, Robinson & Somerville, Birmingham, AL, Robert E. Thomas, Jr., BellSouth Telecommunications, Inc., Legal Department, Atlanta, GA, for BellSouth Telecommunications, Inc.

### ORDER

CARROLL, United States Magistrate Judge.

This matter is before the court for consideration of plaintiff's motion to amend the complaint filed July 29, 1997. The parties have filed extensive submissions on the motion and this matter is now ready for resolution. For the reasons stated below, the court finds that plaintiff's motion to amend the complaint is due to be granted in part and denied in part.

## Background

Plaintiff, Donovan Wyatt, was employed by BellSouth, Inc. in a management position assigned to the Birmingham, Alabama district. In 1991, he was transferred to the Montgomery, Alabama district to serve as its Operations Manager. According to plaintiff, this transfer was not coveted because the Montgomery district was in great turmoil and had low performance ratings. Plaintiff maintains that he was persuaded to take over management of the district because his supervisor at the time, Rick Harder, BellSouth's General Manager for Network Operations, represented to him that BellSouth recognized the difficulties that plaintiff would face and agreed to support him. Plaintiff accepted the Montgomery position and transferred to that district in May, 1991. He was terminated on February 4, 1994.

On January 30, 1996, plaintiff commenced this action against BellSouth Corporation, named in the complaint as BellSouth Inc., and BellSouth Telecommunications, Inc. (referred to collectively hereafter as "Bell-South")[1] by filing a complaint in the Circuit Court for Montgomery County, Alabama, challenging defendants' decision to terminate his employment. The complaint includes causes of action for "wrongful discharge, unjust dismissal," "breach of employment contract, wrongful discharge," tort of outrageous conduct, defamation, and violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, commonly known as "ERISA." Plaintiff alleges that he was wrongfully and illegally terminated, and denied retirement benefits effective the date of his termination. Plaintiff contends that he had a constitutionally protected property interest to continued employment with Bell-South which could be terminated only for cause in accordance with the due process procedures provided by BellSouth's company policies and the Alabama and United States constitutions.

BellSouth removed the action from state court to this court and filed its answer. On March 18, 1996, in accordance with Rule 16 of the *Federal Rules of Civil Procedure,* this court issued a scheduling order which provided, *inter alia,* that any motions to amend the pleadings be filed no later than seventy five days from the date of the order. Plaintiff did not file a motion to amend the complaint pursuant to that order. The March 18, 1996 Rule 16 order also required that all discovery be completed by February 18, 1997. On January 3, 1997, the parties advised the court, by a joint motion for extension of deadlines, that while they had been diligent in their pursuit of discovery, additional time was necessary to complete discovery for trial preparation and for "a thorough consideration of dispositive motions." The motion was denied. BellSouth, therefore, filed a motion for summary judgment on January 6, 1997, in accordance with the March 18, 1996 Rule 16 order, as it was amended on December 10, 1996.[2]

On February 12, 1997, this action was reassigned to the undersigned magistrate judge on consent of the parties pursuant to Local Rule 73.2 and 28 U.S.C. § 636(c). At that time another "agreed jointly prepared" scheduling order was entered which provided that all discovery be completed by May 15, 1997, and any motions to amend the pleadings and all dispositive motions or amendments to pending dispositive motions be filed no later than June 30, 1997. On May 9, 1997, plaintiff moved to extend the time for discovery cutoff. BellSouth objected to this request. After conducting a hearing by conference call, the court granted plaintiff's motion and advised the parties that a new scheduling order would be entered "which will supersede all previously entered scheduling orders." See Order filed May 22, 1997. The new Rule 16 uniform scheduling order, filed May 23, 1997, required that any motions to amend the pleadings be filed no more than seventy-five days from the date of the order.

---

1. According to the BellSouth defendants, "South Central Bell Telephone Company" does not exist as a legal entity and is merely a trade name formerly used by BellSouth Telecommunications, Inc.

2. As amended, the Rule 16 order changed the pretrial conference to March 6, 1997. Accordingly, dispositive motions had to be filed no later than sixty days before that date.

On July 29, 1997, plaintiff filed a motion to amend the complaint to add a cause of action alleging "wrongful termination of employment, equitable or promissory estoppel." BellSouth opposes the motion to amend because the amendment "comes too late in this case," is futile and would unduly prejudice BellSouth.

## DISCUSSION

The Federal Rule of Civil Procedure mandates that leave to amend a pleading should be freely given when justice so requires. *Fed.R.Civ.P.* 15(a). While discretion whether to grant leave to amend a pleading is committed to the trial court, the Supreme Court advises that "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," are factors that contravene the liberal policy of permitting leave to amend a pleading. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Even with consideration of these factors, however, leave to amend a pleading should be denied only when a substantial reason exists. *Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir.1993).

### Undue Delay

BellSouth argues that the motion to amend the pleading comes too late in the case. As BellSouth points out, this action was pending almost eighteen months before plaintiff sought leave to amend the complaint. However, at the request of both parties, there have been a number of extensions of time to complete discovery in this action. In fact, in February, 1997, BellSouth agreed to extend the time for filing any motions to amend the pleadings until June 30, 1997. See "Agreed Jointly Prepared Scheduling Order" filed February 13, 1997. When plaintiff sought another extension of time to complete discovery, over BellSouth's objection, the court advised the parties that the new scheduling order would supersede all previously entered scheduling orders. See Order filed May 22, 1997. When the new schedul-

ing order provided that any motions to amend the pleadings should be filed no later than August 6, 1997, there was no objection from BellSouth regarding that portion of the order. Thus, under the circumstances of this case, particularly, that all parties requested extensions of time to complete discovery and file dispositive motions, and that BellSouth failed to object to the extension of time to file any motions to amend the pleadings provided in the last scheduling order, the court finds that plaintiff's motion to amend the complaint by adding a new cause of action is not untimely merely because it comes eighteen months after the complaint was filed. *Cf. Abramson v. Gonzalez,* 949 F.2d 1567, 1581 (11th Cir.1992) (affirming denial of leave to amend complaint because original complaint was filed nine years earlier).

### Undue Prejudice

BellSouth also argues that it would be unduly prejudiced if plaintiff was allowed to amend the complaint by adding a new cause of action because substantial discovery, particularly the deposition testimony of plaintiff and two of the managers who plaintiff contends made representations that support his additional cause of action, has been completed. The court is not completely convinced that the cause of action plaintiff seeks to amend to complaint would require additional discovery. Regardless, absent a showing that there would be no way to accommodate the need for additional discovery, the court does not find BellSouth's undue prejudice argument compelling. Additionally, BellSouth's argument is further undermined since the motion to amend was filed more than four months before discovery cutoff. *Cf. Nolin v. Douglas County,* 903 F.2d 1546, 1550–1551 (11th Cir.1990) (affirming denial of leave to amend because motion was filed after discovery was completed and the pretrial order was submitted).

### Futility

Futility is one of the reasons for denying a motion to amend a complaint that the Supreme Court considers justifiable. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. An amendment adding a cause of action is con-

sidered futile if the new cause of action does not state a claim upon which relief can be granted, *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1042 (11th Cir.1986), or if the claim would not survive an affirmative defense. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir.1993) (amendment would have been futile since limitations period for claim had expired). *See also Glick v. Koenig*, 766 F.2d 265 (7th Cir.1985) (since immunity defenses precluded suit against the individuals plaintiff sought to add as defendants, trial court's denial of leave to amend was affirmed.) In deciding whether an amendment to the complaint would be futile, the court should be guided by the principles that govern consideration of a motion to dismiss. *See O'Ferrell v. United States*, 174 F.R.D. 108, 109 (M.D.Ala.1997); *Glick*, 766 F.2d at 268; *Holloway v. Dobbs*, 715 F.2d 390, 392–393 (8th Cir.1983).[3]

As previously noted, the plaintiff seeks to amend his complaint to add a claim of "wrongful termination of employment, promissory estoppel." The basis for this claim is plaintiff's allegation that prior to accepting the job in Montgomery, his supervisor Rick Harder told him that the company would conduct a full and fair investigation of any complaints by employees about him, would hear both sides of any controversy concerning his management of the district, and would view any complaints about his management "skeptically."

■■■ Under Alabama law, a promissory estoppel is defined as follows:

A promise which the promisor should reasonably expect to induce action or forbear-

ance of a definite and substantial character on the part of the promisee and which does induce such action and forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Davis v. University of Montevallo*, 638 So.2d 754, 757 (Ala.1994) *quoting Bush v. Bush*, 278 Ala. 244, 177 So.2d 568 (1964).[4] The plaintiff alleges that he relied on Harder's statements in deciding to leave settled employment in Birmingham and transfer to Montgomery. The critical question is whether the statements allegedly made by Harder are "promises" enforceable through the doctrine of promissory estoppel.[5] As the Alabama Supreme Court has noted, "although equitable estoppel might transform an otherwise non-binding agreement into a legally binding contract, this court has held that the principle of promissory or equitable estoppel cannot be utilized to create primary contractual liability where none would exist." *Bates v. Jim Walter Resources, Inc.*, 418 So.2d 903, 905 (Ala.1982). In addition, in order for a promise to create an estoppel, the promise must be sufficiently specific so that the judiciary can understand the obligation assumed and enforce the promise according to its terms. *Soderlun v. Public Service Commission of Colorado*, 944 P.2d 616, 620 (Colo. App.1997).

■■■ The plaintiff in this case was an at will employee. As such, he could be terminated for good cause, bad cause or no cause at all. *Scott v. Lane*, 409 So.2d 791 (Ala. 1982). *See also Bates*, 418 So.2d at 905. The promises made to him do not change his status. As the Alabama case law makes clear, "an offer of lifetime employment must

---

3. In deciding whether the proposed amendment states a claim, the court must accept the plaintiff's factual allegations as true. *Honduras Aircraft Registry v. Government of Honduras*, 119 F.3d 1530 (11th Cir.1997).

4. The plaintiff seeks to amend his complaint to add a cause of action for "equitable or promissory estoppel." In the words of one court, "The difference between the doctrines can best be explained by observing that promissory estoppel is used to create a cause of action, whereas equitable estoppel is used to bar a party from raising a defense or objection it otherwise would have, or from instituting an action which it is entitled to institute. Promissory estoppel is a sword and

equitable estoppel is a shield." *Jablon v. United States*, 657 F.2d 1064, 1068 (9th Cir.1981). Because the plaintiff is seeking to amend his complaint to add an additional claim based on a past promise, it appears to the court that the doctrine of equitable estoppel does not apply. The analysis, however, would be no different since "the elements of equitable and promissory estoppel are essentially the same." *Mazer v. Jackson Insurance Agency*, 340 So.2d 770, 772 (Ala.1976).

5. For purposes of determining whether granting the amendment would be futile, the court assumes, as it must, that Harder had authority to bind the corporation. This is a serious issue which must await a further factual presentation.

be expressed in clear and unequivocal terms before a court will conclude that an employer intended to enter into such a weighty obligation." *Chastain v. Kelly–Springfield Tire Company,* 733 F.2d 1479, 1484 (11th Cir. 1984). The promise made to the plaintiff contains no language which can be remotely construed as guaranteeing him continued employment. The statement relates solely to the process which is to be followed prior to termination. It does not, however, govern the result of the process.

Since the promise made to the plaintiff did not change his employment status to permanent or lifetime, his amendment insofar as it seeks to add a claim for wrongful discharge must be denied. This particular issue was discussed at length by the Indiana Supreme Court in *Jarboe v. Landmark Community Newspapers of Indiana, Inc.,* 644 N.E.2d 118 (Ind.1994), one of the cases cited by the plaintiff. In noting the differences between relief available for promissory estoppel and for wrongful discharge, the court noted:

> The doctrine of promissory estoppel may be available to an at-will employee, but the remedy is limited to damages actually resulting from the detrimental reliance and will not include the benefit of altering the employment status from an at-will relationship to a permanent one which requires just cause for termination. In contrast to the view arguably suggested by the language used by our Court of Appeals, we decline to authorize the use of promissory estoppel as a basis for general wrongful discharge damages.

The court then went on to apply the doctrine and explain that relief awarded to the plaintiff "shall not include the restoration of his at-will employment nor damages for lost wages...." *Id.* at 122.

█ There is no Alabama case which discusses the relief available where promissory estoppel is asserted in an employment case. However, the court is convinced that the Alabama Supreme Court, if given the opportunity, would adopt the approach of the Indiana Supreme Court because an opposite approach would run afoul of well-entrenched Alabama law which specifies the conditions under which a promise may transform an at will employment into a permanent employment. *See Howard v. Wolff Broadcasting Corp.,* 611 So.2d 307, 310–311 (Ala.1992) (court declined to modify plaintiff's at-will employment status even when it was undisputed that plaintiff's termination violated governing federal regulations). As the Supreme Court of Alabama has noted, "[a]n oral employment contract that neither includes nor specifies, any particular term, length or duration of employment is considered an employment at will contract." *Bates v. Jim Walter Resources, Inc.,* 418 So.2d 903, 905 (Ala.1982); *see also Harbison v. Albertville National Bank,* 495 So.2d 1084 (Ala. 1986) (promise that if you "come on down to our bank and you'll have fifteen more years" held not to change the at-will nature of employment).

There may, indeed, be other jurisdictions where a wrongful discharge cause of action might flow from the promise made in this case. This court, however, is bound to apply Alabama law and Alabama law is clear that no permanent employment situation was created by the promise in this case. Consequently, there is no claim for wrongful discharge. The plaintiff may proceed on a theory of promissory estoppel but not wrongful discharge.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the motion to amend filed on July 29, 1997 be GRANTED in part and DENIED in part as follows. The motion to amend insofar as it seeks to add a claim of promissory estoppel is GRANTED. The motion in all other respect is DENIED.

It is further ORDERED that the pretrial conference set for January 30, 1998 at 9:00 A.M. shall be continued until further order of this court and that a scheduling/status conference to determine the further course of action is set for January 30, 1998 at 9:00 A.M. in chambers.