**Donovan WYATT, Plaintiff,**

v.

**BELLSOUTH, INC., et al., Defendants.**

**Civil Action No. 96–C–293–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 27, 1998.

Walter R. Byars, Jeffrey E. Holmes, Steiner, Crum & Baker, Montgomery, AL, Robert E. Thomas, Jr., BellSouth Telecommunications, Inc., Atlanta, GA, Lisa C. Cross, Ogletree, Deakins, Nash, Smoak & Stewart, Birmingham, AL, for BellSouth Telecommunications, Inc.

## ORDER

CARROLL, United States Magistrate Judge.

### I. INTRODUCTION AND PROCEDURAL HISTORY

On January 30, 1996, the plaintiff, Donovan Wyatt, commenced this action against Bell-South Corporation by filing a complaint in the Circuit Court for Montgomery County. The complaint contained five causes of action. The case was then removed to this court. On January 6, 1997, the defendant filed a motion for summary judgment. On July 29, 1997, while the summary judgment motion was pending, the plaintiff filed a motion for leave to amend the complaint to add a cause of action alleging "wrongful termination of employment or equitable or promissory estoppel." On January 26, 1998, the court granted the motion to amend so as to add a promissory estoppel claim and denied the motion insofar as it sought to add a claim of wrongful discharge. *Wyatt v. BellSouth, Inc.*, 176 F.R.D. 627 (M.D.Ala.1998). On February 12, 1998, the court granted the defendant's motion for summary judgment on all of the original claims. Thus, the only claim pending before the court is the promissory estoppel claim. On April 27, 1998, Bell-South filed a motion for summary judgment on the issue of damages available under that claim. The plaintiff has provided an extensive response to the motion.

G. Griffin Sikes, Jr., Montgomery, AL, David L. Yewell, Kamuf, Yewell, Pace & Condon, Owensboro, KY, for Donovan Wyatt.

Walter R. Byars, Steiner, Crum & Baker, Montgomery, AL, Jeffrey E. Holmes, Lange, Simpson, Robinson & Somerville, Birmingham, AL, for BellSouth, Inc.

### II. FACTS

As this court has previously noted:

The evidence in Wyatt's favor shows that he was an extremely capable manager who had been employed by the defendants for over 30 years. He was sent, at the company's insistence, into a hostile work environ-

ment to turn around an office which was a disaster. His efforts on the company's behalf resulted in a revolt by disgruntled employees. The disgruntled employees were able to gain the ear of Wyatt's new supervisor and engineer his dismissal from the company. The dismissal was summary and provided no opportunity for Wyatt to challenge the allegations of the disgruntled employees.

*Wyatt v. BellSouth*, 998 F.Supp. 1303, 1307 (M.D.Ala.1998).

## III. DISCUSSION

At issue in this case is the nature of the damage relief available to the plaintiff. The plaintiff argues that he is entitled to recover traditional contract damages. The court understands the plaintiff to argue that those damages would include damages from the time of his termination to the present as well as damages for future compensation up to his intended retirement from the company in 2006 at age 65. In a preliminary brief on the damages issue, the plaintiff argues that, if he prevails, he would be entitled to receive as damages "the wages, salary and benefits and other forms of compensation that would have been received by Mr. Wyatt during the past four years since BellSouth terminated his employment with the Company, plus interest thereon, and the present value of all of those forms of compensation that he would reasonably be anticipated to earn in the future."The defendant argues that the plaintiff would be limited to minimal reliance damages which would not include past and future wages and benefits.

■ In deciding this issue, the court obviously must follow what it believes to be the course of Alabama employment law. Under Alabama law, employers who choose to do so may arbitrarily or maliciously terminate competent and loyal at-will employees who have devoted their lives to the company. *See Burrell v. Carraway Methodist Hospitals of Alabama, Inc.*, 607 So.2d 193 (Ala.1992); *Salter v. Alfa Insurance Co.*, 561 So.2d 1050 (Ala.1990). If the court were to adopt the view of damages espoused by the plaintiff, the court would, in essence, be allowing the plaintiff to convert his promissory estoppel

claim into a wrongful termination claim and to convert his at-will employment into a lifetime employment contract. Given the state of Alabama law concerning at-will employees and the nature of a claim of promissory estoppel, the court is compelled to adopt the view of damages argued by the defendant.

The Alabama Supreme Court, in defining the doctrine of promissory estoppel, has adopted § 90 of the Restatement of Contracts First which states in pertinent part:

A promise which the promisor should reasonably expect to induce action or forbearance of definite and substantial character and which does so is binding if injustice can be avoided only by enforcement thereof.

*Davis v. University of Montevallo*, 638 So.2d 754, 757 (Ala.1994) (*citing Bush v. Bush*, 278 Ala. 244, 177 So.2d 568 (1964)). The gravamen of the claim of promissory estoppel is detrimental reliance. Indeed, the *Bush* decision specifically describes the doctrine of promissory estoppel as a "doctrine in action on reliance." As the court noted,

Under this doctrine of action in reliance, if Mama Bush did make the will with the reasonable expectation that John and William Bush would act to their detriment in reliance on the will and the did so act, then the promise; that is the will; would be binding on Mama Bush and the respondents if injustice can be avoided only by enforcement of the promise.

*Bush v. Bush*, 177 So.2d at 570. *See also, Dixieland Food Stores, Inc. d/b/a Piggly Wiggly Food Store v. Geddert*, 505 So.2d 371 (Ala.1987) (plaintiff seeking to prove a promissory estoppel claim must prove reliance and change of position); *Mazer v. Jackson Insurance Agency*, 340 So.2d 770 (Ala.1976) (promissory estoppel doctrine requires that the promise or representation of the party estopped be made with the intention, or at least the reasonable expectation, that it will be acted on by the other party). In the words of the highest court of another state, promissory estoppel is not a contractual theory but a quasi-contractual or equitable doctrine designed to prevent the harm resulting from the reasonable and detrimental reliance of one upon the false representations of anoth-

er. *Karnes v. Doctors Hospital,* 51 Ohio St.3d 139, 555 N.E.2d 280 (1990).[1]

In line with Alabama's view that the gravamen of a promissory estoppel claim is detrimental reliance, the Alabama Supreme Court has indicated that reliance damages are the appropriate measure of damages for a promissory estoppel claim. *See Graddick v. First Farmers & Merchants Nat'l Bank of Troy,* 453 So.2d 1305, 1310 (Ala.1984) (elderly woman relied on trustee's promise not to collect fee by selling house and moving into nursing home; reliance damages based on amount of fees charged by nursing home and amount received from trust). *See also Corbin on Contracts,* § 8.11, pp. 53–54 (Rev.Ed.1996), which states that Alabama is with the majority of states which have adopted promissory estoppel as a theory, independent of contract, for awarding reliance damages. The purpose of reliance damages is to rectify the wrong suffered and to restore the party to the pre-promise posture. *Corbin on Contracts, supra.* If the court were to adopt the plaintiff's argument on damages, the court would be placing the plaintiff in a position which is more favorable than that which he enjoyed "pre-promise."

■ Before the plaintiff agreed to come to Montgomery, he could have been fired for a good reason, a bad reason, a malicious reason or no reason at all. The promise of the defendant upon which the plaintiff relied simply entitles him to an opportunity to tell his side of the story and to have the evidence against him viewed "skeptically." Defendant's promise does not give plaintiff the right to continued, lifetime employment.

The court in some of its earlier discussions with counsel analogized the plaintiff's claim to a procedural due process claim. Were this a procedural due process case, a jury might well award damages from the time that the plaintiff was discharged to the time that the defendants afforded the plaintiff the opportunity to be heard which they had promised. *See Skeets v. Johnson,* 805 F.2d 767 (8th Cir.1986). *DelSignore v. DiCenzo,* 767 F.Supp. 423 (D.R.I.1991). Upon further review, the court concludes that its analogy was an imperfect one. A plaintiff who has been denied procedural due process is entitled to damages from the time of his discharge to the time of a hearing because he has a property interest in his employment. He is more than an at-will employee. *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Skeets v. Johnson, supra.* In this case, the plaintiff has never had any right or property interest in continued employment. Consequently, he is not entitled to a damage award which includes any sort of back pay.

■ Having concluded that the plaintiff is entitled to only reliance damages if he prevails on his promissory estoppel claim, it remains necessary to define those damages more precisely. Generally, reliance damages are the actual expenditures made in preparation for performance or in performing the work which has been induced by the defendant's promise. *Cyberchron Corp. v. Calldata Systems Development, Inc.,* 47 F.3d 39, 46 (2d Cir.1995). In the context of an employment case involving an at-will employee like the plaintiff, reliance damages are extremely limited. As this court has previously noted, the decision of the Supreme Court of Indiana in *Jarboe v. Landmark Community Newspapers of Indiana, Inc.,* 644 N.E.2d 118 (Ind. 1994), correctly states the law to be applied in a state, like Alabama, which is an at-will employment state and a state whose promissory estoppel law tracks § 90 of the Restatement of Contracts. In the words of the Indiana Supreme Court, the damages remedy for a promissory estoppel claim "is limited to damages actually resulting from the detrimental reliance and will not include the benefit of altering the employment status from an at-will relationship to a permanent one which requires just cause for termination." *Id.* at 122. Such damages do not include restoration of his at-will employment nor damages for lost wages. *Id.*

The plaintiff argues that *Jarboe* supports his position and would allow damages in the

---

1. At least one commentator describes Alabama law as recognizing through the doctrine of promissory estoppel an independent quasi-contractual claim for detrimental reliance. *Corbin on Contracts,* § 8.11, pp. 53–54 & n. 51.

form of compensation from the time that he was discharged to the time that BellSouth honors its promise to give him an opportunity to be heard. The court disagrees. The *Jarboe* court specifically references comment (d) to the § 90 of the Restatement of Contracts 2d which reads in pertinent part:

> [T]he same factors which bear on whether any relief should be granted also bear on the character and extent of the remedy. In particular, relief may sometimes be limited to restitution or damages or specific relief measured by the extent of the promisee's reliance rather than the terms of the promise.... Unless there is unjust enrichment of the promisor, damages should not put the promisee in a better position than performance of the promise would have put him.

If the court were to adopt the plaintiff's view that he is entitled to back pay, he would be put in a better position than he would have been had the promise not been made to him. The promise which the defendant made to plaintiff was a promise of a procedure before discharge. After the plaintiff was provided that procedure, he was still subject to discharge for a good reason, a bad reason, a malicious reason or no reason at all. His future employment rights would still be subject to the unfettered discretion of his employer.

If a jury were to rule in the plaintiff's favor, the plaintiff might well be entitled to reinstatement for the period of time necessary for the promised procedure to occur. The plaintiff is not, however, entitled to pay from the time of discharge to the time of reinstatement or for any sort of future wages.

## IV. CONCLUSION

Based upon the foregoing, the motion for summary judgment filed by the BellSouth Corporation on the issue of damages is hereby GRANTED. The court will instruct the jury that if it finds BellSouth is liable based upon a theory of promissory estoppel, it may

only award reliance damages which do not include any past or future compensation or benefits.[2]

---

**2.** Given the fact that there is no case from the Alabama Supreme Court, it may be that the damages issue in this case should be certified to that court or that the plaintiff should be permitted to take an interlocutory appeal to the United States Court of Appeals for the Eleventh Circuit under the provisions of 28 U.S.C. § 1292(b).