MURDOCK, Justice
(dissenting).
The main opinion concludes that the lack of consideration to the wife forecloses consideration of the claim against Fletcher Mitchell Smith, personal representative of her estate, as an ex contractu claim. Consideration is not always necessary for a claim to be considered contractual in nature. This is such a case.
First, I am of the view that it is the law, not the bargaining and exchanges between the parties, that made the wife’s obligations under the power of attorney contractual in nature. That is, the law simply treats the wife’s undertaking as contractual in nature; it imputed to her, by virtue of her acceptance of the power of attorney, a promise to the principal (the husband) regardless of whether the wife received any consideration for her undertaking. This may be seen in the fact that an agent under a power of attorney is deemed by the law to be an agent in fact — a contractual relationship — and that the law implies to the agent a “covenant,” or promise, to act accordingly:
*1202 “A power of attorney is defined as ‘[a]n instrument in writing whereby one person, as principal, appoints another as his agent and confers authority to perform certain specified acts or kinds of acts on behalf of principal. An instrument authorizing another to act as one’s agent.... The agent is attorney in fact....’ Black’s Law Dictionary 1171 (6th ed.1990). When one accepts the agency, she implicitly covenants to use the powers conferred upon her for the sole benefit of the party conferring such power, consistent with the purposes of the agency relationship. See, Dudley v. Colonial Lumber Co., 223 Ala. 533, 137 So. 429 (1931). Therefore, when one accepts the power of attorney, she impliedly covenants to use the powers bestowed upon her for the sole benefit of the one conferring that power on her, consistent with the purposes of the agency relationship represented by the power of attorney.”
Sevigny v. New South Fed. Sav. & Loan Ass’n, 586 So.2d 884, 886 (Ala.1991) (emphasis added).[10] In holding that the power of attorney does not impose upon the agent an obligation in the nature of contract, today’s opinion conflicts not only with the foregoing discussion in Sevigny, but also with the opinion in Thompson v. Ware, 200 Ala. 624, 626, 76 So. 982, 984 (1917), in which this Court explained:
“This power of attorney, however, should be construed in the light of surrounding circumstances. As said by the court in Brantley v. So. L.I. Co., [53 Ala. 554 (1875) ]:
“ ‘All contracts must be read in the light of surrounding circumstances, the occasion which gave rise to them, the relative position of the parties, and their obvious design as to the objects to be accomplished must be looked at, in order to arrive at their true meaning, and to enable the court to carry out the intention of the parties.’ ”
(Emphasis added.) See also In re Trust of Jameison, 300 Mont. 418, 423, 8 P.3d 83, 87 (2000) (“Powers of attorney generally are construed by the rules governing the interpretation of written instruments.”); and Restatement (Second) of the Law of Agency § 32 (1958) (“Except to the extent that the fiduciary relation between principal and agent requires special rules, the rules for the interpretation of contracts apply to the interpretation of authority.”).
Furthermore, the conclusion that acceptance of a power of attorney gives rise to obligations in the nature of contract is a conclusion that has been reached by courts in other states. In De Leonis v. Etchepare, 120 Cal. 407, 409, 52 P. 718, 718 (1898), the California Supreme Court noted: “That the relation between the parties created by the power of attorney is a contract relation is beyond question.” See also Maenhoudt v. Bank, 34 Kan.App.2d 150, 154, 115 P.3d 157, 161 (2005) (“The [power of attorney] is a contract between [the principal] and [her attorney in fact].”); Ashby v. Guillot, 593 So.2d 668, 670 (La.Ct.App.1991) (“A power of attorney is a contract.”); In re Conservatorship of Goodman, 766 P.2d 1010, 1012 (Okla.Ct.App.1988) (“A [p]ower of attorney is a contract of agency.”).
Second, the lack of consideration to the wife can be seen as not fatal to the treatment of Wachovia’s claim as a claim ex contractu when one considers the doctrine of promissory estoppel. Promissory estop- *1203 pel was defined in Bush v. Bush, 278 Ala. 244, 245, 177 So.2d 568, 570 (1964):
“ ‘A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.’ Restatement of the Law of Contracts, § 90, page 110.”
Here, the law implied to the wife a covenant, or promise, to use the power conferred upon her solely for the benefit of the husband. The husband acted in reliance on this promise by giving the power of attorney to the wife. To avoid injustice, the wife is estopped to deny that promise.
Finally, I am concerned about the practical ramifications of our holding today. If a breach by an agent of his or her duty under a power of attorney does gives rise only to an action ex delicto that abates upon the death of the principal, see § 6-5-462, Ala.Code 1975, then the dishonest agent need only wait until the principal is near death to misappropriate the principal’s assets, knowing that neither the principal nor the principal’s family is likely to discover the fraud until after abatement.[11]
On the basis of the foregoing, I respectfully dissent.

. The fact that Smith’s actions in this case may also be considered as " ' "frauds upon confidence bestowed,” ’ ” as also stated in Sevigny, 586 So.2d at 887 (quoting Myers v. Ellison, 249 Ala. 367, 369, 31 So.2d 353, 355 (1947)), is not inconsistent with this conclusion, as a given confidential relationship may arise by contract as well as by law.

. In the present case, although the main opinion states that it is remanding the cause to the trial court for further proceedings on Wachovia's claims for equitable relief, it is not clear to me which, if any, of the alleged claims would constitute separate, equitable claims that survived William Wynn McLeod's death under § 6-5-464, Ala.Code 1975. See, e.g., Radenhausen v. Doss, 819 So.2d 616, 620 (Ala.2001) (explaining that "a constructive trust is an equitable remedy; and a request to impose such a trust is not a cause of action that will stand independent of some wrongdoing”); Gulf States Steel, Inc. v. Lipton, 765 F.Supp. 696, 704 (N.D.Ala.1990) ("[The] court’s research has revealed no case in any jurisdiction that supports GSS’ argument that constructive trust constitutes a cause of action.”); Scroggins v. Alabama Gas Corp., 275 Ala. 650, 652, 158 So.2d 90, 92 (1963) (money had and received is action at law); Ex parte HealthSouth Corp., 978 So.2d 745, 754 (Ala.2007) (to same effect).