Robert DENNIS and Viola Dennis,
Appellants–Plaintiffs,

v.

GREYHOUND LINES, INC., Cecil
Frink, Stephen Quarles, Anita Akeers,
and Eddie Walker, Appellees–Defendants.

No. 49A05–0406–CV–302.

Court of Appeals of Indiana.

July 20, 2005.

John H. Hovanec, Anthony M. Campo &
Associates, Indianapolis, for Appellants.

Paul T. Fulkerson, Skiles DeTrude
LLC, Indianapolis, for Appellees.

## OPINION

KIRSCH, Chief Judge.

Robert and Viola Dennis (the "Dennises") appeal an order of the trial court granting summary judgment in favor of Greyhound Lines, Inc. ("Greyhound Lines"), Cecil Frink, Stephen Quarles, Anita Akeers, and Eddie Walker (collectively "Greyhound").[1] The Dennises raise the following issue on appeal:[2] whether the trial court erred in granting summary judgment in favor of Greyhound.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On July 19, 2000, Robert Dennis was traveling from Illinois to Kokomo on a Greyhound bus. He arrived at the Indianapolis bus terminal at 6:00 p.m., but his connecting bus was not scheduled to depart until 8:00 a.m. Robert decided to stay overnight in the terminal.

At approximately 6:30 p.m., Robert left his suitcase by a bench and entered the restroom at the bus terminal. While in the restroom, Robert was attacked by an unknown assailant. Robert stated that the attack lasted "a couple three minutes." *Appellants' Appendix* at 46. A security guard desk was located fifty feet from the bathroom. Eddie Walker, an eighteen-year veteran of the Marion County Sheriff's Department, was the guard stationed

---

1. Cecil Frink, Stephen Quarles, Anita Akeers, and Eddie Walker are security guards for Greyhound Lines. Greyhound Lines and the security guards are all represented by the same attorney and seem to be acting as a single entity. Consequently, we will refer to Greyhound and the security guards collectively as "Greyhound."

2. The Dennises also raise the issue of whether the trial court erred in granting Greyhound's motion for summary judgment even though Greyhound failed to comply with the Dennises' discovery requests. Finding that summary judgment was improperly granted, we do not address the Dennises' argument regarding discovery.

at the security desk at the time of the attack. Walker did not notice anything suspicious while the incident was occurring in the restroom. However, there was a door, which was closed at the time of the attack, separating the restroom and the remainder of the terminal.

On February 27, 2002, the Dennises filed a complaint, alleging that Greyhound Lines had been negligent in its oversight of the restroom area. Thereafter, on July 8, 2002, the Dennises filed an amended complaint naming as additional defendants several off-duty police officers who were hired by Greyhound Lines to provide security for the station.

On June 9, 2003, Greyhound moved for summary judgment, and on April 12, 2004, the trial court granted its motion.

The Dennises now appeal.

**DISCUSSION AND DECISION**

The Dennises argue on appeal that there are genuine issues and inferences of fact that preclude summary judgment in favor of Greyhound. Specifically, they contend that a question of fact exists as to whether Greyhound owed a duty of care to Robert while in the terminal and whether Greyhound breached that duty.

■ This case, like *Jarboe v. Landmark Cmty. Newspapers*, 644 N.E.2d 118 (Ind.1994) and its progeny, once again exposes the distinct difference in Indiana's summary judgment procedure and the federal procedure. Our supreme court has expressly disavowed the federal standard set forth in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and instead, has forged a separate path for Indiana practice. *Jarboe*, 644 N.E.2d at

123. In Indiana, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. *Id.* at 123. Only when the moving party has met this burden, does the burden shift to the nonmovant to establish that a genuine issue does actually exist. *Id.* In federal practice, the party seeking summary judgment is not required to negate an opponent's claim; instead, summary judgment must be granted when the nonmovant has failed to establish an essential element of its claim. *Schmidt v. American Trailer Court, Inc.*, 721 N.E.2d 1251, 1253 (Ind.Ct.App.1999), *trans. denied* (2000). Under Indiana law, however, "Merely alleging that the plaintiff has failed to produce evidence on each element ... is insufficient to entitle the defendant to summary judgment." *Jarboe*, 644 N.E.2d at 123.

■ In addressing the Dennises' claim, we initially observe that to prevail on a theory of negligence, the Dennises must prove: 1) a duty on the part of the defendant owed to the plaintiff; 2) a breach of that duty; and 3) an injury to the plaintiff proximately caused by that breach. *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind.Ct.App.2000). Our task is not to judge whether the Dennises have proven each element, but instead is to determine whether Greyhound has adequately met its burden of proving a lack of any genuine issue of material fact in the evidence designated to the trial court.[3]

■ An owner of a premise owes a duty of care to its invitees. *Markle v. Hacienda Mexican Restaurant*, 570 N.E.2d 969, 973 (Ind.Ct.App.1991).

'(1) An invitee is either a public invitee or a business visitor. (2) A public invi-

---

3. We note that the trial court made no specific findings regarding the elements of negligence, but merely determined that "there are no genuine issues of material fact precluding summary judgment and the Defendant is entitled to judgment as a matter of law on the designated evidence." *Appellants' Appendix* at 12.

tee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. (3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'

*Id.* (quoting *Burrell v. Meads,* 569 N.E.2d 637 (Ind.1991) (quoting RESTATEMENT (SECOND) OF TORTS § 332)). Robert paid to take the bus from Illinois to Kokomo. Greyhound's bus routes and schedules necessitated Robert's stop at the terminal. Since Robert was a paying customer and patron of Greyhound, Robert was an invitee as defined by law. Therefore, Greyhound owed Robert the duty owed to invitees.

 The duty Greyhound owes to business invitees, such as Robert, is to exercise ordinary and reasonable care to protect them from injury caused by third persons. *Bearman v. Univ. of Notre Dame,* 453 N.E.2d 1196, 1198 (Ind.Ct.App. 1983). However, the duty only binds the proprietor to prevent acts that are reasonably foreseeable to occur. *Id.* Consequently, our analysis must now turn towards whether the designated evidence demonstrates either that Greyhound did not breach its duty of due care or that such breach was not the proximate cause of Robert's injuries.

In its motion for summary judgment, Greyhound asserted that

Plaintiff was injured by an unidentified assailant while using a restroom at Greyhound's downtown Indianapolis terminal. Plaintiff claims that Greyhound Lines had a duty to safeguard him from attacks. Greyhound Lines, Inc. had two off-duty police officers providing security at the facility at the time plaintiff was injured. Greyhound Lines, Inc. had no prior notice that the bathroom area could be an attack site on its premises.

*Appellants' Appendix* at 34. Greyhound further designated: (1) an affidavit from the manager of its terminal stating that during his stint as manager, there were no attacks on patrons in the bathroom; (2) excerpts from Robert's deposition describing the incident; (3) an affidavit from the security guard on duty at the time of the incident indicating that he saw nothing suspicious during his shift that evening; and, (4) Greyhound's responses to the Dennises' interrogatories. *Appellants' Appendix* at 34–59. Greyhound's burden in supporting its motion for summary judgment was to establish the absence of any genuine issue of material fact as to a determinative issue. Greyhound has not met this difficult burden.

To be sure, the materials designated by Greyhound constitute evidence relevant to the issue of whether Greyhound breached its duty of care. They fail, however, to establish as a matter of law that it met that duty, which is its burden under *Jarboe.* Consider that while the materials establish that Greyhound had a security guard on duty at the time of the attack and that he saw nothing suspicious, they do not establish (1) what the guard was doing at the time of the attack; (2) whether he was attentive or, indeed, whether he was even awake; (3) whether he saw the attacker follow Robert into the restroom; (4) whether he should have seen the attacker follow Robert into the restroom; (5) whether he noticed anything about the attacker that would cause a reasonably careful security guard to follow him into the restroom or make further investigation; (6) whether there was anything about the attacker that should have caused him to do so; (7) whether he heard any sounds from the attack in the restroom that would have prompted further inquiry; (8) whether he should have heard such sounds; (9) how a vicious attack on an elderly man could occur fifty feet from where he was sitting and he noticed nothing suspicious. Each

of these matters constitutes a material question of fact bearing upon whether Greyhound breached its duty of due care. None of these questions is resolved by the designated materials.

We note that Greyhound would be entitled to summary judgment under the federal summary judgment standard. The Dennises have designated little evidence substantiating their claims that Greyhound breached its duty of due care and that Robert's injuries were proximately caused by that breach. Nevertheless, *Jarboe* dictates that this is insufficient for a grant of summary judgment in Greyhound's favor. Instead, *Jarboe* requires Greyhound to negate the existence of all genuine issues of material fact, an often effectively impossible burden, even though the Dennises seem to have little chance of proving Greyhound's negligence at trial. As a result of the dichotomy between Indiana practice and its federal counterpart, cases fall into a legal limbo in which the plaintiff (or other party bearing the burden of proof on an issue) cannot come forward with evidence to support an essential element of its case, and, hence, cannot survive a motion for judgment on the evidence at trial, but the defendant cannot obtain a summary judgment because it cannot meet its burden under *Jarboe*.

We cannot find Greyhound's designated evidence to be sufficient under Indiana's standard to negate the possibility of there being a set of facts demonstrating that it breached its duty and that such breach was the proximate cause of Robert's injuries.

Reversed.

NAJAM, J., concurs.

VAIDIK, J., concurs in result.