**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**ADAM G. FORREST**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHARLIE HAMBY and MICHAEL ZENK,     )
                                     )
    Appellants-Defendants,       )
                                     )
        vs.                 )     No. 33A01-1307-CT-325
                                     )
JAMES FARMER,                        )
                                     )
    Appellee-Plaintiff.          )

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-1203-CT-17

**February 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Charlie Hamby ("Hamby") and Michael Zenk ("Zenk") appeal the trial court's denial of their motion for summary judgment against James Farmer ("Farmer"), contending that the trial court erred when it denied summary judgment in their favor and found that there were genuine issues of material fact as to Farmer's claims.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Farmer is a handicapped offender who, in 2011, was housed in the "A" Unit at the New Castle Correctional Facility ("the Facility") located in Henry County, Indiana. In 2011, Hamby was employed by The GEO Group, Inc. as the Facility Manager of the Facility. In his capacity as Facility Manager, Hamby was responsible for maintenance issues at the Facility. In 2011, Zenk was the Superintendent of the Facility and had no personal involvement in the day-to-day maintenance issues at the Facility.

On July 10, 2011, Farmer, who uses a wheelchair, was taking a shower in the A-2 "south shower farthest one back." *Appellants' App*. at 44. While sitting on the shower seat, the seat collapsed, and Farmer fell to the shower floor. On July 12, 2011, a work order related to the remounting of shower seat A-2 was created, and the work order was completed on July 26, 2011 by drilling new holes in the wall and using new hit nails to remount the seat. *Id*. at 52, 55. Previously, on March 22, 2011, a work order related to a necessary bracket repair to shower seat A-2 was created, and the work order was completed on May 5, 2011 by welding the seat together after a bracket had fallen off and remounting the seat to the wall. *Id*. at 52, 54. Both work orders were completed by the same

maintenance technician at the Facility. Hamby concluded that the work completed by the maintenance technician was performed in accordance with standard maintenance procedures utilized at the Facility. *Id*. at 53.

As a result of his fall from the shower seat, Farmer experienced back pain. On May 9, 2012, Farmer filed a "Notice of Lawsuit" with the Henry County Circuit Court, alleging deliberate indifference and negligence on the part of Hamby and Zenk regarding the condition of the A-2 shower seat. *Id*. at 9-10. On March 14, 2013, Hamby and Zenk filed a motion for summary judgment, and a hearing was held on the motion. On June 27, 2013, the trial court issued its order denying the motion for summary judgment filed by Hamby and Zenk and finding that "there are genuine issues of material fact regarding the issues of deliberate indifference or negligence claim [sic] regarding reasonable care and any breach of duty to repair the toilet and seat at issue." *Id*. at 7. Hamby and Zenk now appeal.

## DISCUSSION AND DECISION

When reviewing the denial of summary judgment, our standard of review is the same as that of the trial court. *Wellpoint, Inc. v. Nat'l Union Fire Ins. Co.*, 952 N.E.2d 254, 258 (Ind. Ct. App. 2011), *trans. denied*. We stand in the shoes of the trial court and apply a *de novo* standard of review. *FLM, LLC v. Cincinnati Ins. Co.,* 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Cox v. N. Ind. Pub. Serv. Co.,* 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)), *trans. denied*. Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied.* Summary judgment is appropriate

3

only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM,* 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*).

Hamby and Zenk argue that the trial court erred when it denied their motion for summary judgment. They contend that their designated evidence "clearly establish[es] that the duty to repair the seat had been met, and that although the seat ultimately failed, there exists no designated evidence tending to indicate what caused that failure." *Appellants' Br.* at 8. They assert that their evidence showed that, after the repair to the seat was reported as being needed, it was in fact repaired, and the repair worked successfully over a period of time. Based on this evidence, Hamby and Zenk claim that summary judgment was appropriate on Farmer's negligence claim. As to the deliberate indifference claim, they allege that the undisputed facts clearly establish that "the shower repair was not ignored, it was repaired, used by many persons over time, and then some other aspect of the chair failed." *Id*. at 11. They, therefore, argue that the claim fails, and summary judgment should have been granted in their favor.

4

The present case, like *Jarboe v. Landmark Community Newspapers of Indiana, Inc.,* 644 N.E.2d 118 (Ind. 1994) and its progeny, once again shows the difference in Indiana's summary judgment procedure and the federal procedure. Our Supreme Court has expressly disavowed the federal standard set forth in *Celotex v. Catrett,* 477 U.S. 317 (1986), and instead, has set out a separate path for Indiana practice. *Jarboe,* 644 N.E.2d at 123. In Indiana, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. *Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d 171, 173 (Ind. Ct. App. 2005), *trans. denied.* Only when the moving party has met this burden, does the burden shift to the nonmovant to establish that a genuine issue does actually exist. *Id.* In federal practice, the party seeking summary judgment is not required to negate an opponent's claim; instead, summary judgment must be granted when the nonmovant has failed to establish an essential element of its claim. *Id.* (citing *Schmidt v. Am. Trailer Court, Inc.,* 721 N.E.2d 1251, 1253 (Ind. Ct. App. 1999), *trans. denied*). However, under Indiana summary judgment procedure, "[m]erely alleging that the plaintiff has failed to produce evidence on each element . . . is insufficient to entitle the defendant to summary judgment." *Id.* (quoting *Jarboe,* 644 N.E.2d at 123).

In addressing the claims of Hamby and Zenk, we initially observe that to prevail on a theory of negligence, Farmer must prove: (1) a duty on the part of the defendant owed to the plaintiff; (2) a breach of that duty; and (3) an injury to the plaintiff proximately caused by that breach. *Stowers v. Clinton Cent. Sch. Corp.*, 855 N.E.2d 739, 745 (Ind. Ct. App. 2006), *trans. denied.* In order to prevail on a claim of deliberate indifference, Farmer

must prove: that defendants consciously disregarded a substantial risk of serious harm to Farmer's health or safety. *Ratliff v. Cohn*, 693 N.E.2d 530, 544 (Ind. 1998). Our task is not to judge whether Farmer has proven each element but instead to determine whether Hamby and Zenk have adequately met their burden of proving a lack of any genuine issue of material fact in the evidence designated to the trial court.

Hamby and Zenk were required to designate evidence to prove the lack of any genuine issue of material fact that they did not breach their duty to repair the shower seat and that they did not consciously disregard a substantial risk of serious harm to Farmer's health or safety. The designated evidence presented by Hamby and Zenk showed that a work order, dated March 11, 2011, was created that stated that a bracket was off of shower seat A-2. The work order was completed on May 5, 2011 when a technician took the seat off of the wall, welded the bracket on, and mounted the seat back onto the wall. The shower seat collapsed two months later on July 10, 2011. Although Hamby produced an affidavit in which he states that the repairs were fixed in accordance with the standard maintenance procedures utilized at the Facility, there was no evidence produced to state what those standard procedures were or establishing that such standard procedures are consistent with the duty of care owed by defendants. There was also no evidence produced to indicate what materials were used in the repair of the shower seat to establish that there was no breach of duty to repair. Further, the evidence showed that the shower seat collapsed within approximately two months of being repaired, and Hamby and Zenk did not present any

evidence that this was a reasonable amount of time for the repair to hold based on the normal usage and wear and tear to the shower seat.

Indiana's summary judgment procedure requires Hamby and Zenk to negate the existence of all genuine issues of material fact as to the claims. We find the designated evidence presented by Hamby and Zenk to be insufficient under Indiana's standard to do so. We, therefore, conclude that the trial court did not err in denying summary judgment to Hamby and Zenk.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.