**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANTS:

**MAGGIE L. SMITH**
**THOMAS F. BEDSOLE**
**MICHAEL A. ROGERS**
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**STEVEN K. HUFFER**
S.K. Huffer & Associates, P.C.
Carmel, Indiana

FILED

Jun 18 2014, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SIGNATURE ESTATES OF INDIANA, INC. )<br>d/b/a GORDON MARKETING, )<br>STEPHENS-MATTHEWS MARKETING, INC., )<br>SHIELDS BROKERAGE, INC. and EDWIN A. )<br>HILDEBRAND d/b/a HILDEBRAND )<br>INSURANCE  SERVICES, )<br> )<br>    Appellants-Plaintiffs, )<br> )<br>        vs. )<br> )<br>CONSECO MEDICAL INSURANCE )<br>COMPANY, CONSECO MEDICAL )<br>INSURANCE COMPANY n/k/a )<br>WASHINGTON NATIONAL INSURANCE )<br>COMPANYand WASHINGTON NATIONAL )<br>INSURANCE COMPANY, )<br> )<br>    Appellees-Defendants. ) | No. 29A02-1310-PL-846 |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-0712-PL-1681

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Signature Estates of Indiana, Inc. d/b/a Gordon Marketing, Stephens-Matthews Marketing, Inc., Shields Brokerage, Inc., and Edwin A. Hildebrand d/b/a Hildebrand Insurance Services (collectively "Plaintiffs") appeal the trial court's entry of partial summary judgment in favor of Conseco Medical Insurance Company, Conseco Medical Insurance Company n/k/a Washington National Insurance Company and Washington National Insurance Company (collectively "CMIC"). Plaintiffs sued CMIC for compensatory and punitive damages based on various theories of fraud and breach of a fiduciary duty. In a nutshell, Plaintiffs alleged that just prior to CMIC's exit from the major medical insurance market in 2001 and 2002, CMIC fraudulently misrepresented to the Plaintiffs that CMIC was profitable and committed to remaining in the individual major medical insurance business and that Plaintiffs suffered damages as a result of such misrepresentations. CMIC sought summary judgment on seven grounds, and the trial court entered partial summary judgment on two of those grounds. Concluding that CMIC, as the moving party, did not meet its summary judgment burden on either ground and that genuine issues of material fact remain for trial, we reverse the trial court's entry of partial summary judgment and remand for further proceedings.

**Facts and Procedural History**

The relevant facts most favorable to Plaintiffs indicate that Plaintiffs are independent insurance marketing agencies that, in 1997, signed agreements with CMIC to act as Field Marketing Organizations ("FMOs") and to offer CMIC major medical insurance products to

their customers.  The FMO agreements gave CMIC "the right of first refusal on all individual major medical business" within a contractually defined geographic area.  Appellants' App. at 26.  In return for this agreement to exclusively market CMIC products within a given area, the Plaintiffs received higher commission rates and other incentives.  To offer products, Plaintiffs recruited and developed relationships with individually licensed insurance agents ("downline agents") who sold individual medical insurance policies through Plaintiffs' agencies.  Plaintiffs and CMIC regularly renewed their FMO agreements for a number of years.

In 2001, around the time when Plaintiffs and CMIC were due to renew their contractual relationship, reports regarding the financial instability of CMIC's parent company, Conseco, began to gain media coverage.  CMIC made a number of statements to Plaintiffs to reassure Plaintiffs that CMIC remained profitable and committed to the major medical insurance market.  Plaintiffs renewed their FMO contracts with CMIC.  Shortly thereafter, CMIC exited the major medical insurance market in sixteen states in July 2001, and the remaining states effective March 1, 2002.  Subsequent news coverage and litigation revealed internal statements by Conseco executives evidencing the intent to sell or dispose of CMIC at the same time CMIC was assuring Plaintiffs that it remained committed to the major medical insurance market.

On June 20, 2007, Plaintiffs filed their complaint for compensatory and punitive damages against CMIC alleging fraud, breach of fiduciary duty, fraudulent inducement, fraudulent concealment, and constructive fraud.  On November 30, 2012, CMIC moved for

3

summary judgment as to all of Plaintiffs' claims. Following a hearing held on February 8, 2013, the trial court entered its order granting partial summary judgment in favor of CMIC on two grounds. Specifically, Plaintiffs alleged that they suffered damages because their downline agents ceased doing business with them as a result of Plaintiffs passing on fraudulent statements from CMIC regarding CMIC's financial stability and intent to remain in the market. As to that claim, the trial court concluded that Plaintiffs had failed to designate sufficient evidence to show that CMIC's alleged fraudulent statements proximately caused Plaintiffs' loss of business from its downline agents. In addition, regarding Plaintiffs' request for punitive damages, the court concluded that Plaintiffs failed to provide clear and convincing evidence of fraud or such egregious behavior on the part of CMIC to justify an award of punitive damages.

Plaintiffs filed a motion to reconsider, claiming that the trial court employed the incorrect summary judgment standard by not requiring CMIC, as the moving party, to first negate an element of Plaintiffs' claims before shifting the burden to Plaintiffs to come forth with evidence demonstrating a genuine issue of material fact for trial. On September 13, 2013, the trial court entered its written order denying Plaintiffs' motion to reconsider. Finding no just reason for delay, the court directed entry of final judgment as to Plaintiffs' claim for damages for loss of business from its downline agents and its request for punitive damages. This appeal ensued.

## Discussion and Decision

## Standard of Review

We review the grant of CMIC's motion for partial summary judgment using the same standard as that used in the trial court: the party seeking summary judgment must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Coca-Cola Co. v. Babyback's Int'l, Inc.*, 841 N.E.2d 557, 561 (Ind. 2006) (citations and quotation marks omitted). "We must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmoving party, and resolve all doubts against the moving party." *Vincennes Univ. ex rel. Bd. of Trs. of Vincennes v. Sparks*, 988 N.E.2d 1160, 1165 (Ind. Ct. App. 2013) (citation omitted), *trans. denied*. The party appealing from a summary judgment decision has the burden of persuading this Court that the trial court erred. *Brinkley v. Haluska*, 982 N.E.2d 1019, 1022 (Ind. Ct. App. 2012), *trans. denied* (2013).

Because the trial court's application of our summary judgment standard to CMIC's motion is at the heart of the instant case, Indiana's well-settled approach and its divergence from federal procedure bears repeating. As our supreme court recently reiterated,

> To obtain summary judgment, a moving party must affirmatively dispel all determinative genuine issues of material fact. It is not enough to cite the absence of evidence and claim that the non-moving party is thereby unable to prove an element of its case. Rather, the moving party must demonstrate that the undisputed facts conclusively establish the absence of a required element of the non-moving party's case.

*Manley v. Sherer*, 992 N.E.2d 670, 676 (Ind. 2013). Only after the moving party has met this initial burden is the non-movant required to come forward with contrary evidence. *Jarboe v. Landmark Cmty. Newpapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994). "In federal

5

practice, the moving party is not required to negate an opponent's claim; instead, summary judgment must be granted when the nonmovant has failed to establish an essential element of its claim." *Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d 171, 173 (Ind. Ct. App. 2005), *trans. denied*. In Indiana, however, "[m]erely alleging that the plaintiff has failed to produce evidence on each element … is insufficient to entitle the defendant to summary judgment." *Id.* (quoting *Jarboe*, 644 N.E.2d at 123). We now turn to explain how, pursuant to Indiana summary judgment procedure, CMIC failed to meet its burden as the moving party to establish its entitlement to judgment as a matter of law.

### Section 1 – Proximate Cause

To succeed on their claim involving CMIC's alleged fraudulent misrepresentations, Plaintiffs are required to prove by a preponderance of the evidence that a (1) material misrepresentation of past or existing facts by the party to be charged, (2) which was false, (3) was made with knowledge or reckless ignorance of the falseness, (4) was relied upon by the complaining party, and (5) proximately caused the complaining party injury. *Johnson v. Wysocki,* 990 N.E.2d 456, 460-61 (Ind. 2013). One of the Plaintiffs' theories is that they suffered damages when their downline agents ceased doing business with them as a result of Plaintiffs passing on fraudulent statements from CMIC regarding CMIC's financial stability and intent to remain in the market. As the trial court explained,

> Plaintiffs claim individual agents contracted with their agencies (known as "downline agents") ceased doing business with the Plaintiffs because of a lack of trust and damage to Plaintiffs. This was the result of Plaintiffs passing on statements from CMIC regarding CMIC and Conseco's financial stability and intent. When those statements turned out to be false, Plaintiffs' reputation suffered.

6

Appellants' App. at 945-946.

In granting CMIC's motion for summary judgment on this claim, rather than concluding that CMIC had designated evidence negating any portion of the claim, the trial court merely pointed to Plaintiffs' failure to come forth with evidence to show that CMIC's allegedly fraudulent statements proximately caused Plaintiffs' loss of business from its downline agents. Upon Plaintiffs' request for reconsideration, the trial court acknowledged that Plaintiffs do not have that initial burden under Indiana law. The trial court nevertheless determined that CMIC, as the party seeking summary judgment, provided "minimal" yet sufficient evidence to negate the proximate cause element of Plaintiffs' claim and thereby shifted the burden to Plaintiffs to come forth with contrary evidence. *Id*. at 20. We disagree.

As the party seeking summary judgment, CMIC has the initial burden of proving the absence of a genuine issue of material fact as to an outcome-determinative issue. *Reed v. Reid*, 980 N.E.2d 277, 287 (Ind. 2012) (citing *Jarboe*, 644 N.E.2d at 123). "Only then must the non-movant come forward with contrary evidence demonstrating the existence of genuine issues that should be resolved at trial." *Id*. Upon review of the record, we find that CMIC presented minimal evidence suggesting a *possible* alternate cause for Plaintiffs' loss of business from its downline agents. Specifically, CMIC presented evidence from which an inference could be made that the downline agents ceased doing business with Plaintiffs because CMIC terminated its contracts with the agents rather than because of damage done to Plaintiffs' reputations. CMIC appears to believe that because it designated evidence that *may* suggest this alternate cause for Plaintiffs' loss of business, it has met its summary judgment

7

burden.[1] We remind CMIC that its burden is to "conclusively establish" the absence of proximate cause and not merely to present minimal evidence that may suggest it. *See Manley*, 992 N.E.2d at 676. Rather than conclusively establishing the lack of proximate cause, CMIC's alternate cause theory "rest[s] on uncertain facts and inferences—genuine issues of material fact—that preclude judgment for the defendants as a matter of law." *Id*

Understandably, it is extremely difficult to prove a negative, in this case the lack of proximate cause. This is why our Supreme Court has described the issue of proximate cause as "quintessentially one of fact." *Reed*, 980 N.E.2d at 293. As the party seeking summary judgment, it was CMIC's burden to come forth with conclusive evidence that the damage to Plaintiffs' reputations *did not cause* the downline agents to cease doing business with Plaintiffs. CMIC has failed to carry that burden. Although CMIC points to Plaintiffs' failure to present affidavits from its downline agents stating that the damage to Plaintiffs' reputations *did cause* the agents to cease doing business with Plaintiffs, we emphasize that, as the nonmovants, Plaintiffs have no such burden. CMIC is attempting to do what our supreme court has explicitly prohibited by merely citing to the absence of Plaintiffs' evidence on the issue of proximate cause.

---

[1] In claiming that it designated sufficient evidence to establish that any misrepresentations by CMIC did not proximately cause the downline agents to cease dealing with Plaintiffs, CMIC directs us to 506 pages of designated evidence without reference to specific testimony or evidence. We find this tactic unhelpful. We note that we need not search the record, as the parties "must specifically designate to this court by appropriate reference to the record on appeal (a) the location of all factual material and supporting evidence specifically designated to the trial court upon which they rely, and (b) all the documents in which they specifically designated such materials to the trial court." *Jarvis Drilling, Inc. v. Midwest Oil Producing Co.*, 626 N.E.2d 821, 825 (Ind. Ct. App. 1993), *trans. denied* (1994).

We find the designated evidence presented by CMIC to be insufficient under Indiana's summary judgment standard to negate the existence of proximate cause on Plaintiffs' claim regarding the loss of business of their downline agents.[2] The trial court erred when it granted partial summary judgment in favor of CMIC on this issue.

## Section 2 – Punitive Damages

Plaintiffs contend that the trial court also erred in granting partial summary judgment in favor of CMIC on the issue of punitive damages. Whether a party may recover punitive damages is generally a question of fact for the trier of fact to decide; however the issue may be decided as a matter of law. *Gresser v. Dow Chem. Co.,* 989 N.E.2d 339, 349 (Ind. Ct. App. 2013), *trans. denied.*

Proof that a tort was committed does not establish a plaintiff's right to punitive damages. *Id.* Rather, punitive damages may be awarded upon a showing that the defendant acted maliciously, fraudulently, oppressively, or with gross negligence, and the conduct was not the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence, or other such noniniquitous human failing. *Yost v. Wabash College*, 3 N.E.3d 509, 524 (Ind. 2014). "Unlike compensatory damages, which are intended to make the plaintiff whole, punitive damages 'have historically been viewed as designed to deter and

---

[2] CMIC complains that it should not be required to negate an element of Plaintiffs' claim and notes that Indiana's summary judgment standard as articulated in *Jarboe* has been the matter of some debate. We have, on occasion, specifically invited our supreme court to clarify that standard. *See, e.g., Deuitch v. Fleming*, 746 N.E.2d 993, 1000 (Ind. Ct. App. 2001), *trans. denied.* However, our current supreme court has declined the invitation and continues to cite *Jarboe* with approval. *See, e.g., Yost v. Wabash College*, 3 N.E.3d 509, 514 (Ind. 2014); *Reed*, 980 N.E.2d at 287.

punish wrongful activity.'" *Id. at* 523 (quoting *Cheatham v. Pohle*, 789 N.E.2d 467, 471 (Ind. 2003)).

We acknowledge that "punitive damages are not commonplace and rarely appropriate." *Id*. at 524. Indeed, the plaintiff has an especially heavy burden at trial and must establish the entitlement to punitive damages by clear and convincing evidence. *Id*. However, Indiana law is clear that whether the evidence supporting an award of punitive damages "meets the clear and convincing standard" is not the proper inquiry on a summary judgment motion. *Comfax Corp. v. N. Am. Van Lines, Inc.*, 587 N.E.2d 118, 128 (Ind. Ct. App. 1992). Our concern should be with the existence of factual questions and not a litigant's ability to sustain the burden of proof at trial on those issues. *Chester v. Indianapolis Newspapers*, 553 N.E.2d 137, 140-41 (Ind. Ct. App. 1990), *trans. denied*.

In granting partial summary judgment in favor of CMIC on the issue of punitive damages, the trial court here improperly applied the clear-and-convincing standard in concluding that "[t]he evidence presented does not rise to the level of clear and convincing evidence of fraud that would engender an award of punitive damages." Appellants' App. at 949. Despite the trial court's misapplication of the clear-and-convincing standard on summary judgment, CMIC maintains that summary judgment is appropriate because it designated sufficient evidence to conclusively establish that any allegedly fraudulent statements were made in good faith and in the context of an ongoing business relationship. Again, we disagree.

10

As with all summary judgment motions, the party moving for summary judgment on the issue of punitive damages must show, by its designated evidence, that no question of fact as to any material issue exists, and that it is entitled to judgment as a matter of law. *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 541 (Ind. 1997). CMIC directs us to virtually no designated evidence on this issue, much less evidence which establishes its entitlement to judgment as a matter of law. Said another way, accepting Plaintiffs' alleged facts as true and viewing the designated evidence in a light most favorable to Plaintiffs as summary judgment nonmovants, the evidence regarding the various statements made by CMIC to Plaintiffs does not "preclude the possibility" that CMIC acted maliciously, fraudulently, oppressively, or with gross negligence, or that the conduct was not the result of a mistake of law or fact, honest error of judgment, overzealousness, or mere negligence. *See Yost*, 3 N.E.2d at 524 (summary judgment inappropriate because designated facts did not preclude possibility that plaintiff's injury occurred under circumstances so as to warrant punitive damages). Thus, a genuine issue of material fact remains for trial as to whether CMIC's conduct warrants an award of punitive damages. The trial court erred when it entered partial summary judgment in favor of CMIC on this issue. [3]

---

[3] We note that, upon Plaintiffs' motion to reconsider, the trial court justified its entry of summary judgment with respect to the punitive damages issue stating that Plaintiffs "have not provided a sufficient argument to justify the public policy imposition of punitive damages" and that the court was "hard pressed to see how the imposition of punitive damages against [CMIC] after over a decade of prior litigation serves the public interest." Appellants' App. at 21. While we agree with the trial court that there are often public policy considerations underlying punitive damage awards and the deterrence such awards seek, we find the current record insufficient to support such determination as a matter of law. Accordingly, we decline CMIC's invitation to deprive the jury of the opportunity to consider the issue.

11

**Conclusion**

We conclude that CMIC has failed to meet its burden to establish its entitlement to summary judgment on the issues of proximate cause and punitive damages and that genuine issues of material fact remain for trial. The trial court's entry of partial summary judgment on those issues is therefore reversed. This cause is remanded to the trial court for further proceedings.

Reversed and remanded.

BAKER, J., and BARNES, J., concur.