## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 20 2016, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John P. Daly, Jr.
Golitko & Daly, PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Mark D. Gerth
Michael Wroblewski
Kightlinger & Gray, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason L. McDonough, as Personal Representative of the Estate of Donna L. Allen, Deceased,

*Appellant-Plaintiff,*

v.

Kentucky Avenue Land Company,

*Appellee-Defendant.*

May 20, 2016

Court of Appeals Case No. 49A02-1507-CT-824

Appeal from the Marion Superior Court

The Honorable Heather A. Welch, Judge

Trial Court Cause No. 49D01-1302-CT-7768

**Kirsch, Judge.**

[1] Jason L. McDonough, as personal representative of the Estate of Donna L. Allen ("the Estate"), appeals the trial court's order granting summary judgment in favor of Kentucky Avenue Land Company ("Kentucky Avenue") in the Estate's claim of wrongful death against Kentucky Avenue. The Estate raises two issues, of which we find the following dispositive: whether the trial court erred in granting summary judgment in favor of Kentucky Avenue under Indiana's summary judgment standard.

[2] We reverse and remand.

## Facts and Procedural History

[3] On October 3, 2011, Donna Allen ("Allen") was employed by Turner Security Services Corporation ("Turner") as a security officer at a premises owned by Kentucky Avenue. On that evening, Allen fell on the premises of Kentucky Avenue and suffered injuries. No one witnessed Allen's fall. Allen died on May 17, 2012 without giving any sworn testimony as to how the fall occurred or what caused her fall. In its complaint, the Estate alleged that Allen fell on a staircase owned and maintained by Kentucky Avenue that was "in a dilapidated condition, contained no handrails, and was in violation of Occupational Safety and Health Administration and building code regulations." *Appellant's App*. at 23.

[4] Bob Beaman ("Beaman"), another Turner employee who was working with Allen on the evening of October 3, arrived to assist Allen shortly after her fall. The next day, Beaman spoke with the owner of Turner, Edward A. Turner, Jr.

("Edward"), and told him that the steps were in an unsafe condition. *Id*. at 79. Beaman was never deposed and never gave a sworn statement. Edward also spoke to John Russell ("Russell"), Allen's supervisor, and Russell reported that the staircase contained some wobbly boards and all the boards were weathered. *Id*. at 80. Russell was not deposed and did not give a sworn statement. Edward also spoke to Allen while she was in the hospital within a couple of days after her fall. Allen relayed to Edward that she fell down the stairs and that "she [thought] that she stepped on a wobbly board and fell down." *Id*. at 73.

[5] On the day after Allen's fall, Edward completed the Indiana Worker's Compensation First Report of Employee Injury, Illness. The report contained an inquiry regarding how the injury occurred, to which Edward indicated: "while walking back from women's restroom, employee fell from bottom step of 7-step wooden stair [sic] on the outside of west loading dock . . . . The steps are wobbly and have no handrail. It was dark outside and the outside dock lights were NOT on." *Id*. at 81. This information was based on what others reported to him and not from personal knowledge. In the summer of 2013, Kentucky Avenue replaced the steps where the fall occurred and installed a handrail.

[6] On February 25, 2013, the Estate filed a complaint against Kentucky Avenue alleging wrongful death due to injuries Allen sustained falling down on property owned by Kentucky Avenue. On January 15, 2015, Kentucky Avenue filed its motion for summary judgment and designated evidence in support of the motion. The Estate filed a motion for enlargement of time to respond to

Kentucky Avenue's summary judgment motion. The motion was granted, and the Estate was given until April 15, 2015 to file its response. On April 7, the Estate filed its response in opposition to Kentucky Avenue's motion for summary judgment and a cross-motion for partial summary judgment on the issue of duty, along with its designated evidence. On April 16, Kentucky Avenue filed its reply brief, a motion to strike, and a response to the Estate's cross-motion for summary judgment. On May 5, the Estate filed a response to the motion to strike, a reply brief in support of its cross-motion for partial summary judgment motion, and additionally, a supplemental designation of evidence. Two days later, Kentucky Avenue filed a motion to strike this supplemental designated evidence. The trial court held a hearing on all of the pending motions and, on June 12, 2015, issued an order granting Kentucky Avenue's motions to strike and motion for summary judgment. The Estate now appeals.

## Discussion and Decision

[7] When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.,* 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.,* 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied.* We stand in the shoes of the trial court and apply a *de novo* standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.,* 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833 N.E.2d

461, 466 (Ind. Ct. App. 2005), *trans. denied.* Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM,* 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*).

[8] A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

[9] Although summary judgment is rarely appropriate in negligence cases because issues of negligence, contributory negligence, causation, and reasonable care are more appropriately left for the determination of a trier of fact, questions of law, like whether a defendant had a duty of care as to a plaintiff or whether certain

facts constitute proximate cause, may be appropriate for summary judgment. *Kader v. State of Ind., Dep't of Corr.,* 1 N.E.3d 717, 726 (Ind. Ct. App. 2013). The tort of negligence has three elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach. *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship,* 952 N.E.2d 872, 878 (Ind. Ct. App. 2011). Summary judgment is appropriate if the material evidence negates one of these elements. *Id.*

[10] This case illustrates once again the marked difference in summary judgment procedure in Indiana as compared to federal practice. *Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp.,* 937 N.E.2d 853, 865 (Ind. Ct. App. 2010) (citing *Cole v. Gohmann,* 727 N.E.2d 1111, 1113 (Ind. Ct. App. 2000)). Federal summary judgment procedure requires summary judgment to be granted against a party who fails to come forward with evidence to support an essential element of that party's case as to which that party bears the burden of proof at trial. *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). In contrast, under Indiana's summary judgment procedure, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. *Id.* at 865-66 (citing *Jarboe v. Landmark Cmty. Newspapers,* 644 N.E.2d 118, 123 (Ind. 1994)).[1] Only after the moving party has met this burden with a

---

[1] We note that our Supreme Court recently handed down *Gaff v. Ind.-Purdue Univ. of Fort Wayne*, -- N.E.3d – (Ind. 2016), which again reiterates that Indiana's summary judgment procedure diverges from federal summary judgment practice and imposes a "'more onerous burden'" on the moving party: "'to affirmatively negate an opponent's claim.'" *Id.* at – (quoting *Hughley v. State*, 15 N.E.3d 1000,1003 (Ind. 2014)).

prima facie showing that no genuine issue of material fact exists does the burden then shift to the non-moving party to establish that a genuine issue of material fact does in fact exist. *Id.* at 866.

[11] Here, the dispute between the parties centered on what was the cause of Allen's fall. Therefore, to prevail under Indiana procedural law, Kentucky Avenue, as the moving party, had the burden of affirmatively negating the Estate's claim that Kentucky Avenue was negligent in maintaining the stairs and that such negligence caused Allen's fall. Kentucky Avenue failed to do so. It did not designate any evidence to demonstrate that it properly maintained the steps or that Allen's fall was not caused by its negligence. Kentucky Avenue only demonstrated that there were no witness statements relating to the accident and no statements of Allen related to the matter that could be produced in Kentucky Avenue's request for production of documents.

[12] The trial court found, after striking much of the Estate's designated evidence, that the Estate's remaining designated evidence did not support a reasonable inference that Kentucky Avenue's negligence caused Allen's fall and that summary judgment should be entered in favor of Kentucky Avenue. *Appellant's App*. at 19. However, under Indiana's summary judgment procedure, unlike the federal procedure, the burden was on Kentucky Avenue, as the moving party, to come forth with evidence to negate the Estate's claim, which Kentucky Avenue failed to do; the burden was not on the Estate. Therefore, we conclude that the trial court erred in granting summary judgment in favor of Kentucky Avenue because a genuine issue of material fact exists as to whether Allen's fall

was caused by Kentucky Avenue's negligence. We reverse the grant of summary judgment in favor of Kentucky Avenue and remand for further proceedings.[2]

[13] Reversed and remanded.

[14] Mathias, J., and Brown, J., concur.

---

[2] The Estate also raises contentions that the trial court erred in striking portions of its designated evidence. We need not reach these issues because even if we were to hold that the trial court should not have stricken the evidence, we would still reverse the trial court's decision to grant summary judgment in favor of Kentucky Avenue. Likewise, the Estate also asserts that the trial court erred in denying its cross-motion for partial summary judgment as to the issue of duty. We note, however, that the trial court did not deny the Estate's cross-motion based on the evidence, but instead, found the motion moot due to the trial court's grant of summary judgment in favor of Kentucky Avenue. As we are reversing that grant of summary judgment, we remand to the trial court for further proceedings including a determination of this issue.